■ LIRIT CORP., Respondent, v S. H. LAUFER VISION WORLD, INC., Appellant. — Order, Supreme Court, New York County (Klein, J.), dated January 28, 1981 denying defendant's cross motion to vacate the default judgment, and granting other relief to plaintiff, is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent of granting defendant's cross motion to vacate the default judgment in this action, on condition that within 30 days after service of a copy of the order of this court determining this appeal, defendant shall pay to plaintiff the sum of $250 costs, and in default thereof the order shall be affirmed; and the order is otherwise affirmed, with costs to plaintiff. Appeal taken from the memorandum decision of said court dated January 28, 1981, improperly denominated as an order, is dismissed, without costs. Accepting the Referee's determination that the person served was an agent of defendant for service of process, we think that the default was unintentional and excusable. Apparently the employee who received the summons mailed it to the insurance broker and it somehow was never heard of again. It is not unusual for lay persons to mail process to an insurance company and not to be surprised to hear nothing from the broker or insurance company for some time. There was no reason for defendant to default. Defendant was amply insured. Defendant was already defending three other actions arising out of the same incident. The first indication defendant had that there was a default came after entry of the default judgment, and defendant promptly moved to vacate it. There was a sufficient showing by defendant of a substantial meritorious defense (which may or may not ultimately be successful). Plaintiff's proof of negligence on the inquest was speculative hearsay. There is no risk that, if plaintiff procures a judgment after trial, that judgment will be uncollectible, for it clearly appears that defendant is amply insured, and that if the default is vacated, the insurance company will defend and recognize responsibility for any judgment. Finally, "[t]he courts' general policy favors disposition of matters on the merits." *(Lang v French & Co.,* 48 AD2d 641.) Concur — Murphy, P. J., Birns, Ross, Lupiano and Silverman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN PABON, Appellant. — Judgment, Supreme Court, Bronx County (Gorfinkel, J.), rendered on February 29, 1980, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur — Kupferman, J. P., Birns, Ross, Silverman and Fein, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BROWN, Appellant. — Judgment, Supreme Court, New York County (Dickens, J.), rendered on February 24, 1981, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Sullivan, J. P., Carro, Markewich, Lupiano and Bloom, JJ.