■ ROLLIN JORDON, Respondent, v THOMAS SHARPE, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Dier, J.), entered November 30, 1981 in Warren County, which denied defendant's motion to vacate a judgment of foreclosure and sale, and (2) from an order of said court, entered September 22, 1982 in Warren County, which reaffirmed its earlier order denying defendant's motion to vacate. Seeking the foreclosure of a mortgage on premises owned by defendant in the Town of Hague, Warren County, plaintiff commenced this action by filing a summons and complaint on October 17, 1980 and personally serving defendant with the summons and complaint on December 11, 1980. Defendant's attempted service of an answer, counterclaim and third-party complaint upon plaintiff on January 10, 1981 was rejected by plaintiff's attorney as untimely. However, by order of Special Term, entered June 29, 1981, the January 10, 1981 service of the answer, counterclaim and third-party complaint was expressly permitted and allowed. Approximately three and one-half months later on October 14, 1981, Special Term granted plaintiff a judgment of foreclosure by default, which was entered on October 20, 1981, upon the ground that neither defendant's answer nor the

order of June 29, 1981 with notice of entry had ever been served on plaintiff's attorney. In response, defendant then moved by order to show cause of November 16, 1981, as modified by order of November 23, 1981, for vacatur of the judgment of foreclosure and for a default judgment against plaintiff and third-party defendant based upon defendant's pleadings, and his motion was denied by order entered November 30, 1981 upon the grounds that defendant had failed to serve plaintiff's attorney with a copy of the June 29, 1981 order and that plaintiff should not be indefinitely stayed from prosecuting his claim by defendant's laches and deliberate failure to act. Thereafter, the property was sold by a referee and purchased by plaintiff for the sum of $100, resulting in a deficiency in the amount of $5,730.21. Plaintiff then moved at Special Term for a reaffirmation by that court of its order vacating the previous order permitting defendant to serve his pleadings in this action, and defendant cross-moved for an order opening his default. Ultimately, Special Term reaffirmed its earlier order denying defendant's motion to vacate the judgment of foreclosure and sale, and defendant now appeals. We hold that the challenged orders of Special Term should be affirmed. Examination of the record herein reveals that plaintiff was entitled to foreclose because of defendant's failure to insure the property upon due notice and that defendant's defense and counterclaim were both premised upon alleged misrepresentations by plaintiff with regard to the property made prior to its purchase by defendant and upon which defendant relied when making the purchase. Moreover, the specific language of the contract of purchase provides that that contract constitutes a full and complete expression of the parties' agreement and that it was executed by the parties after full investigation with neither party relying upon any statement or representation not embodied in the contract. Given this situation wherein defendant bases his case upon alleged misrepresentations not embodied in the contract, it is obvious that defendant has not pleaded a meritorious defense or counterclaim and that, consequently, he should not be relieved of the judgment taken by default (cf. *Lirit Corp. v Laufer Vision World,* 84 AD2d 704). We need reach no other issue. Orders affirmed, with costs. Main, J. P., Casey, Mikoll and Yesawich, Jr., JJ., concur; Levine, J., not taking part.