■ SACKMAN MORTGAGE CORP., Respondent, v 111 WEST 95TH STREET REALTY CORP., Appellant, et al., Defendants.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered March 8, 1989, which granted reargument, and upon reargument adhered to its prior decision granting plaintiff's motion for a judgment of foreclosure and denying defendant's cross motion for an order permitting it to interpose an answer, unanimously modified, on the law and the facts, the plaintiff's motion denied, the defendant's cross motion granted, and otherwise affirmed, without costs. Appeal from order and judgment (one paper) of the same court and Judge, entered December 27, 1988, dismissed, as superseded, without costs.

This action to foreclose a mortgage was commenced by service of a summons and complaint upon the Secretary of State on April 11, 1988. The Secretary of State mailed a copy of the summons and complaint to the attorney named in the certificate of incorporation as the person to receive process on behalf of the corporation. That attorney had died and his offices were closed prior to the date when the Secretary of State was served.

The defendant first learned of the foreclosure action when its president was notified during a telephone conversation, on May 26, 1988, by a broker who was seeking refinancing for the defendant. The broker told defendant's president that a lis pendens had been filed, indicating the pendency of a foreclosure action against the subject real property. Defendant's attorney contacted plaintiff's attorney and obtained a copy of the summons and complaint. Promptly thereafter an answer and discovery requests were served. Plaintiff's counsel rejected the answer and discovery requests. Defendant's attorney then wrote plaintiff's attorney stating that although it was not moving to compel the acceptance of the answer, it would move to vacate any default judgment which might be sought by plaintiff. Defendant's counsel later maintained that this letter was sent to persuade plaintiff's counsel to accept defendant's

answer in order to avoid unnecessary motion practice. Defendant has consistently denied any intent to delay, pointing out that an answer was promptly served upon receipt of the complaint.

Defendant has also alleged, to demonstrate the merits of its defense, that the plaintiff unreasonably, arbitrarily and for its own devious purposes refused to make final advances on the building loan, frustrating defendant's attempts to complete renovations of the subject premises and its ability to repay the loan. It was also alleged that plaintiff offered to extend the mortgage upon such unreasonable and onerous terms that made it impossible for the defendant to accept the offer. These actions were motivated, according to defendant, by plaintiff's wish to obtain complete control over the project and deprive defendant of its profits.

The court should have denied plaintiff's motion and granted defendant's application to compel the acceptance of an answer. CPLR 3012 (d) authorizes the court to compel the acceptance of an untimely pleading upon showing of reasonable excuse for the delay or default. The circumstances above described demonstrate a reasonable excuse. The summons had been sent by the Secretary of State to a deceased attorney. Immediately upon learning of the existence of a lis pendens, the defendant asked for and received a copy of the summons and complaint. An answer was thereupon promptly sent to plaintiff's counsel. Defendant's allegation of plaintiff's bad faith in unreasonably refusing to make further advances on the construction loan, in an attempt to gain complete control of the project, is sufficient to make out a meritorious defense. Concur—Sullivan, J. P., Milonas, Rosenberger, Ellerin and Rubin, JJ.