■ MARILI FORASTIERI et al., Respondents, v JAY HASSET, Respondent, and RALPH STEGE, Doing Business as RS CONSTRUCTION, Appellant.—Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on December 15, 1989, which granted plaintiffs' motion for a default judgment against defendant Ralph Stege, doing business as RS Construction, and remanded the matter for an inquest is unanimously reversed on the law, the facts and in the exercise of discretion, plaintiffs' motion denied and defendant's cross motion to vacate the default and compel acceptance of his answer is granted on condition that he pay $500 in costs to plaintiffs, without costs or disbursements. In the event that defendant does not pay said costs to plaintiffs within 30 days of the date of this order, then the order being appealed herein is affirmed, with costs and disbursements.

The instant action alleges claims for negligence and breach of contract against defendant-appellant Ralph Stege, doing business as RS Construction, in connection with property damage which occurred on June 23, 1988 at certain premises at 426 West Broadway in Manhattan. It is plaintiffs' contention that they entered into a contract with codefendant Jay Hasset to install a skylight on the roof of their apartment; that Hasset, in turn, retained the services of appellant to assist him in the performance of his duties and that, as a result of the alleged failure to erect an adequate temporary roof structure and complete the job in a workmanlike and timely fashion, flooding ensued. An answer to plaintiffs' summons and complaint, served on April 1, 1989, was interposed

by appellant on July 31, 1989 but was rejected as untimely, and appellant's subsequent attempt to vacate the default judgment against him and compel acceptance of his answer was denied by the Supreme Court, which found that appellant's explanations for his delay in answering were specious. The record, however, reveals a viable defense to both causes of action against him. Moreover, there is no indication that plaintiffs have been prejudiced by appellant's delay in answering, which, significantly, was minimal in duration.

In view of the existence of an apparently meritorious defense, the relatively short delay involved, the lack of prejudice to plaintiffs and the fact that the lapse in time was partially attributable to law office failure, this matter seems to present precisely the sort of situation which warrants the exercise of the court's discretion under CPLR 3012 (d) to compel the acceptance of a pleading which has not been timely served "upon such terms as may be just" in order that the issues in question herein can be resolved on their merits. Nonetheless, in order to compensate plaintiffs for any inconvenience which they might have suffered because of appellant's untimeliness, the imposition of $500 in costs against him is appropriate. Concur—Kupferman, J. P., Sullivan, Milonas, Asch and Kassal, JJ.