■ ELEMERY CORPORATION, Appellant, v 773 ASSOCIATES et al., Respondents.—Order of the Supreme Court, New York County (Beatrice Shainswit, J.), which denied plaintiff's motion for leave to restore the action to the Trial Calendar and to serve and file an answer to defendants' counterclaims and which granted defendants' cross motion to enter a default judgment pursuant to CPLR 3215, unanimously reversed, on the law and facts and in the exercise of discretion, the motion granted and the cross motion denied, without costs.

In this action by plaintiff seeking damages for wrongful eviction, we affirmed, without opinion, Supreme Court's denial of defendants' motion for summary judgment (Elemery Corp. v 773 Assocs., 144 AD2d 1044). During the pendency of that appeal, defendants were granted leave to amend their answer to include a counterclaim seeking recovery of unpaid rent. Plaintiff both failed to serve a timely reply to the counter-

claim and to appear for a pretrial conference, resulting in the action being marked off the Trial Calendar. On its motion to restore the case to the calendar, plaintiff proffered as an excuse for its default the belief that all proceedings "would be held in abeyance" pending our ruling on defendants' appeal.

While we agree with Supreme Court that this excuse is less than compelling, we note that there is a strong preference in our law that matters be decided on their merits in the absence of demonstrable prejudice (*Lirit Corp. v Laufer Vision World*, 84 AD2d 704; *Lang v French & Co.*, 48 AD2d 641). Defendants have neither established nor alleged any prejudice, and we therefore view denial of the motion to restore the matter to the calendar as an improvident exercise of discretion. Concur —Kupferman, J. P., Sullivan, Milonas and Rubin, JJ.