█ AMERICAN SECURITY INSURANCE COMPANY, Respondent, v LINDA G. WILLIAMS, Appellant.—Casey, J. Appeal from an order of the Supreme Court (Brown, J.), entered October 2, 1990 in Saratoga County, which denied defendant's motion to compel plaintiff to accept service of defendant's answer.

When plaintiff returned defendant's answer because it was some five days late, defendant moved pursuant to CPLR 3012 (d) for an order compelling plaintiff to accept her answer. The motion was accompanied by an affidavit from defendant's

attorney explaining the reason for the delay and an affidavit from defendant setting forth a defense. Although plaintiff's attorney submitted affidavits challenging the reasonableness of the excuse and the merits of the defense, the order denying defendant's motion must be reversed.

In the absence of a decision from Supreme Court indicating the reasons for its denial of defendant's motion, we are unable to discern whether Supreme Court exercised its discretionary authority under CPLR 3012 (d) on a proper basis. We note that in view of the brief delay, it would have been an improvident exercise of discretion for the court to deny defendant's motion solely upon the ground that plaintiff's affidavits raised a question as to the merits of the defense presented by defendant (see, Better v Town of Schodack, 169 AD2d 965; Special Prods. Mfg. v Douglass, 159 AD2d 847, 848; Ching v Ching, 125 AD2d 934). Nor was the court precluded from exercising its discretion under CPLR 3012 (d) in favor of defendant because the excuse for the delay presented by defendant can be characterized as law office failure (see, CPLR 2005). Because the papers submitted by defendant in support of her motion appear on their face to present the type of case in which it would have been an appropriate exercise of discretion for the court to compel acceptance of the answer (see, e.g., Better v Town of Schodack, supra; Forastieri v Hasset, 167 AD2d 125; Goracy v Burns, Brooks & McNeil, 155 AD2d 256; Sackman Mtge. Corp. v 111 W. 95th St. Realty Corp., 152 AD2d 463), Supreme Court's denial of defendant's motion without setting forth any reasons for that denial constituted an abuse of discretion as a matter of law. Exercising our authority to review questions of fact as well as questions of law (see, CPLR 5501 [c]), we conclude that based upon this record defendant's motion should be granted.

Mahoney, P. J., Weiss and Crew III, JJ., concur. Ordered that the order is reversed, on the law and the facts, without costs, and motion granted.