■ HARRY SMITH, Respondent, v DACA TAXI, INC., et al., Appellants. [634 NYS2d 476] —Order of the Supreme Court, Bronx County (Barry Salman, J.), entered March 1, 1995, which, insofar as appealed from, denied defendants' motion to vacate a default judgment entered against them, unanimously reversed, on the law and the facts and in the exercise of discretion, to the extent of vacating the judgment of liability, deeming the answer served nunc pro tunc, and directing trial of all issues, on condition that defendants, within 30 days, (1) file in the office of the Clerk of the Supreme Court a stipulation withdrawing their first and second affirmative defenses and, (2) pay to plaintiff the sum of $2,500 to compensate him for costs in opposing this motion and, otherwise, motion denied, without costs.

Plaintiff Harry Smith was seriously injured when the motorcycle on which he was riding was struck by an automobile, operated by defendant Randolph Hargrove and owned by defendant Daca Taxi, Inc. Hargrove, a mechanic who was performing service on the taxi cab, was test-driving the automobile when it struck—or was struck by—plaintiff's motorcycle. On October 25, 1991, plaintiff commenced a lawsuit against defendant Hargrove by serving him at the address stated on his driver's license, as listed in the police report. Thereafter, on October 30, 1991, service was effected on defendant Daca Taxi by delivering process to the Secretary of State.

When no answer was filed, plaintiff moved for judgment on default. Although prior counsel for defendants conceded that the summons and complaint came into his possession by January 14, 1992, no answer was served until January 27, 1992, five days later than the scheduled return date of plaintiff's motion for a default judgment. The answer was rejected as untimely on January 29, 1992, and plaintiff's motion was ultimately

submitted to the court on January 31, 1992. Defendants subsequently failed to appear in opposition to the motion, and the ensuing order, granting judgment on the issue of liability, together with notice of settlement, was served on defendants on February 10, 1992. Judgment was entered on March 26, 1992. Inquest was conducted on January 22, 1993, and judgment against defendants was entered in the amount of $800,000 on April 14, 1993.

By way of order to show cause, defendants sought to vacate the default judgment and obtain a new inquest on the ground that they were deprived of a meaningful opportunity to appear, that plaintiff failed to offer competent medical testimony and that the award was excessive. Upon denial of their application, defendants appealed to this Court solely on the issue of damages. In an affidavit in support of defendants' application for a stay pending appeal, counsel stated, "On this appeal, defendants-appellants do not contest their concession of liability." This Court unanimously vacated the award and remanded the matter for a new inquest noting, "The only contested issue was damages." (*Smith v Daca Taxi*, 202 AD2d 220.)

In May 1994, defendants moved to vacate the default judgment in its entirety. This appeal follows Supreme Court's denial of that application on the ground that defendants both neglected to set forth a meritorious defense and failed to provide a reasonable excuse for their default by an individual with personal knowledge of the underlying facts.

The cause of the accident giving rise to plaintiff's injuries is asserted to be, variously, an illegal U-turn across double yellow lines by defendant Hargrove causing the taxi cab to strike plaintiff's motorcycle, or the presence of a stray dog in the roadway causing the speeding motorcycle to swerve into oncoming traffic and side-swipe the taxi cab. It is defendants' position that a motion to vacate the default was not submitted earlier because defendant Randolph Hargrove could not be located to procure his affidavit. Defendants do not, however, explain why no motion for leave to serve a late answer was ever made or why they did not appear in opposition to the motion to enter judgment upon their default (*Habacht v Caroccia*, 133 AD2d 338).

Defendant Hargrove maintains that he did not receive process in this matter until he was contacted by defense counsel in March 1994, shortly before the subject motion to vacate was brought. The moving papers provide little information concerning his whereabouts during the two years since judgment was

entered or the efforts to find him (*Cohen v TLC Women's Servs.*, 157 AD2d 764). His reply affidavit, notarized in Florida, states only, "For the past several years, I have moved around a great deal."

On this appeal, defendants have changed their stance and are clearly contesting their previously uncontested "concession of liability". While Supreme Court was correct in its observation that the reasons stated in support of vacatur are less than compelling (*see, Sortino v Fisher*, 20 AD2d 25, 32), other statements in the record prompt this Court to exercise its discretion to direct a trial of both liability and damages.

In their reply brief, defendants assert that plaintiff's failure to file an affidavit regarding the circumstances of the accident "effectively concedes that the accident was caused by his reckless driving. Plaintiff also does not deny that, in an attempt to hide his wrongdoing and gain a windfall judgment, he attempted to bribe Hargrove to testify to a false version of the accident." In his affidavit in support of the motion to vacate judgment, defendant states that plaintiff "wanted me to say that the accident was my fault. He was on crutches and said that if I signed a paper saying that it was my fault, he could get more money and I would be paid $5,000." Indeed, the record contains a crudely drafted statement purporting to admit that, "on April 12" Hargrove "interfered with a person driving a motorcyclist." While it incorrectly states the date of the accident and while defendant Hargrove denies its authenticity, he concedes "the signature looks like mine". The police report of the accident supports defendant Hargrove's account of the circumstances under which plaintiff sustained injury. Two handwritten statements by alleged eyewitnesses comport with plaintiff's rendition of events.

While we disdain piecemeal litigation as a dissipation of scarce judicial resources, under the peculiar circumstances of this case, we are inclined to permit defendants to vacate their default (CPLR 317, 5015). There is a strong preference in the law that matters be decided on the merits (*see, Stevenson Corp. v Dormitory Auth.*, 112 AD2d 113). A new inquest was previously ordered by this Court, and the additional relief from the judgment of liability is conditioned upon defendants' compliance with the payment of costs and the waiver of jurisdictional defenses. Finally, we believe that the circumstances surrounding defendants' initial concession of liability and its ultimate revocation warrant further exploration. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Mazzarelli, JJ.