■ CARMEN E. CATARINE, Respondent, v BETH ISRAEL MEDICAL CENTER, Appellant. [735 NYS2d 520] —Order, Supreme Court,

New York County (Marilyn Shafer, J.), entered on or about May 4, 2001, which denied defendant's motion for vacatur of a prior order, same court and Justice, entered December 12, 2000, striking defendant's answer unless it provided complete insurance coverage information within 30 days and produced two witnesses for depositions by January 12, 2001 or, in the alternative, for reargument and renewal, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the answer reinstated. Appeal from order entered December 12, 2000 unanimously dismissed, without costs, as academic.

This action, commenced in April 1992, alleges malpractice in failing to timely diagnose a cancerous condition causing plaintiff to undergo a modified radical mastectomy. Issue was joined on June 15, 1992 by service of a verified answer by defendant's counsel, Bower & Gardner. The matter languished for a six-year period, during which Bower & Gardner was dissolved in 1994. Service of a notice of appearance was made in response to plaintiff's request, in May 1998, that the hospital retain new counsel. Service of plaintiff's bill of particulars followed on June 10, 1998. Significantly, the document is dated June 25, 1992.

While Supreme Court's preliminary conference order directed that, within 30 days, plaintiff limit a request for persons having knowledge pertaining to her complaint so as to identify no more than five witnesses, it was not until October 1999 that plaintiff provided any witness information. At a compliance conference held December 17, 1999, the court directed that defendant produce, within 45 days, an internist and radiologist who had treated plaintiff and disclose its insurance coverage. Allegedly due to the passage of time, the hospital had difficulty identifying the physicians and did not provide counsel with their names until November 22, 2000, which information was forwarded to opposing counsel by letter dated November 29. In the interim, by motion dated August 17, 2000, plaintiff sought to strike the answer pursuant to CPLR 3126, which culminated in the first order appealed from, entered December 12, 2000, conditionally precluding defendant unless the depositions were completed by January 12, 2001. It is conceded that these examinations were not conducted and that disclosure of defendant's insurance coverage was untimely by several days.

On January 19, defendant brought an order to show cause to vacate its default and to renew and reargue, resulting in the second order appealed from, entered on or about May 4, 2001. Supreme Court's denial was predicated on defendant's failure

to establish grounds to renew or reargue, but expressed the opinion that defendant had demonstrated no basis for vacatur. In conclusion, the order stated, "Defendant's repeated failure to comply with court-ordered discovery was willful and the answer was appropriately stricken."

Although the prior order was conditional, defendant's order to show cause clearly treated it as final, seeking a directive "reinstating the defendant's answer." In any event, the accompanying affidavit recites that defense counsel's wife underwent an emergency cesarean section on December 8, requiring a four-day hospital stay, and that his presence was required at home following her release from the hospital. Counsel states that he was briefly at the office on December 19 and 20, but did not have an opportunity to review the order until his return on January 2, 2001. On this occasion, he discovered that the two physicians were both on vacation and would not return until after January 12, the last date mandated for completion of the depositions. He thereupon attempted to schedule the examinations for January 17, but could not obtain consent absent onerous concessions.

While, as Supreme Court observed, defense counsel is merely "a single attorney within a large firm," it remains that circumstances conspired to impede timely compliance with the court's December 12th order. Also, while defendant may have been inattentive to this matter, plaintiff was hardly diligent in her pursuit of its prosecution. Finally, defendant has demonstrated a meritorious defense in that the failure of plaintiff to have a mammogram performed, as recommended by defendant's physicians, may have occasioned the delay in discovering the "presence of infiltrating duct cell carcinoma."

It is well settled that a court should not resort to striking an answer for failure to comply with discovery directives unless noncompliance is clearly established to be both deliberate and contumacious (*Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193; *Frye v City of New York*, 228 AD2d 182, 182-183). Moreover, even where the proffered excuse is less than compelling, there is a strong preference in our law that matters be decided on their merits (*Elemery Corp. v 773 Assoc.*, 168 AD2d 246, 247 [citing *Lirit Corp. v Laufer Vision World*, 84 AD2d 704; *Lang v French & Co.*, 48 AD2d 641]). Defendant having set forth both a reasonable excuse for its failure to comply with the court's order and a meritorious defense to the action against it (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *Aronson v Hyatt Intl. Corp.*, 202 AD2d 153; *Adam v Hilton Hotels Corp.*, 91 AD2d 884), Supreme Court

improvidently exercised its discretion in striking the answer. Concur—Mazzarelli, J.P., Sullivan, Wallach, Rubin and Friedman, JJ.