■ Albert Stephenson, Appellant, v Hotel Employees and Restaurant Employees Union Local 100 of AFL-CIO et al., Respondents. [739 NYS2d 822] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered November 5, 2001, which, to the extent appealed from, denied plaintiff's motion to vacate the dismissal of the action, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the complaint reinstated.

Supreme Court dismissed this action for failure of plaintiff's

counsel to appear on the date scheduled for trial. It is undisputed that, at the time, counsel's husband was in intensive care in critical condition, having suffered a major heart attack two weeks earlier.

In order to establish excusable default pursuant to CPLR 5015 (a) (1), plaintiff is required to provide a reasonable excuse for the failure to appear and demonstrate the merit of the action (*Mediavilla v Gurman,* 272 AD2d 146, 148; *Hunter v Enquirer/Star, Inc.,* 210 AD2d 32, 33). Plaintiff's motion to restore was made within the one-year period provided by statute. The merit of the complaint was determined on a previous, unsuccessful motion to dismiss the complaint. Finally, the proffered excuse involving a family emergency is certainly reasonable (*Catarine v Beth Israel Med. Ctr.,* 290 AD2d 213 [counsel provided postoperative care for wife who underwent emergency cesarean section]; *Matter of Bevona [Superior Maintenance Co.],* 204 AD2d 136 [funeral for counsel's mother-in-law coincided with arbitration hearing]). The failure of counsel's law firm to seek an adjournment from the court, while discourteous, amounts to law office failure, which does not preclude excusing a default or delay (*Mediavilla v Gurman, supra* at 148). There is a strong public policy that favors deciding matters on their merits in the absence of demonstrable prejudice (*Stevenson Corp. v Dormitory Auth.,* 112 AD2d 113, 116; *Lirit Corp. v Laufer Vision World,* 84 AD2d 704), and defendant does not allege that any was sustained. Concur—Williams, P.J., Saxe, Lerner, Rubin and Marlow, JJ.