■ Mutual Marine Office, Inc., et al., Respondents, v Joy Construction Corporation, Appellant. [835 NYS2d 88]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 23, 2005, awarding plaintiffs the principal sum of $691,358.08, and order, same court and Justice, entered October 26, 2005, which denied defendant's motion to vacate default, unanimously reversed, on the law, without costs, the motion granted and the judgment vacated. Appeal from order, same court and Justice, entered August 1, 2006, which denied defendant's motion to vacate on the ground of newly discovered evidence on summary judgment, unanimously dismissed as academic, without costs.

Plaintiff Marine Mutual Office (MMO), the managing agent for New York Marine and General (NYM & G), commenced an action in July 2004 to recover premiums, including additional premiums based upon a percentage of defendant's "gross receipts" pursuant to the terms of the insurance policies issued to defendant. The complaint alleged that defendant did not comply with the terms of the policies by refusing to make its

books and records available for inspection by this plaintiff's accountants.

In October 2004, plaintiff NYM & G commenced a second action to recover defense costs for seven claims made against defendant. Defendant's answer denied the allegations in both complaints, asserting that all premiums had been paid and no defense costs were due.

At a May 19 compliance conference, the parties set deadlines to complete discovery for the now consolidated actions and provided for dispositive motions to be made no later than 60 days after February 2006. However, by notice of motion dated June 3, 2005, returnable on June 16, MMO moved for summary judgment on the first complaint. This motion was granted on default on June 20, with the direction to settle an order.

On June 21, defendant's counsel wrote a letter to the court requesting an additional 10 days to respond to the motion. In that letter, counsel advised the court that he caused a search to be made of his office for MMO's motion papers after seeing a letter from its counsel dated June 17. The motion papers, counsel averred, were found in a conference room and counsel did not know how they got there. He requested an extension from MMO's counsel but was refused.

MMO's counsel wrote a letter to the court objecting to defendant's request, arguing that the motion had been decided. He also contended that defendant had not demonstrated a reasonable excuse or a meritorious defense.

On June 24, 2005, MMO's counsel offered a proposed order granting for settlement six days hence. On June 29, defendant's counsel filed opposition papers to the summary judgment motion that led to the proposed order. The court did not respond or take any action with respect to the correspondence from counsel or the purported answering papers.

The clerk's office thereafter advised plaintiffs' attorney that the proposed order could not be located, and to resubmit a notice of settlement and proposed order. Defendant's counsel was copied on this correspondence. Plaintiffs submitted the proposed order, but were advised by the clerk's office to revise it and re-serve the notice of settlement. This third order had a settlement date of August 1, 2005. It was filed on August 31 and entered on September 12, 2005.

Defendant moved to vacate the judgment by order to show cause filed September 29, essentially reiterating the arguments made in its purported response to the original motion on June 29. Plaintiffs opposed, arguing the default was but one incident

in a pattern of neglect and thus did not constitute a "reasonable excuse" warranting vacatur of the judgment. They also argued defendant's accountant did not use proper accounting methods or the proper definition of "gross receipts" in an attempt to demonstrate defendant had a meritorious defense.

After hearing oral argument, the IAS court ruled that defendant was dilatory in failing to move to vacate the default in the three-month period between the default and the current motion, and that it had not demonstrated a reasonable excuse for the default. Based on that finding, the court did not reach the question as to whether defendant had demonstrated a meritorious defense.

A party seeking to vacate a default must demonstrate both a reasonable excuse and the existence of a meritorious defense, and in appropriate circumstances, certain law office failures may constitute reasonable excuses (*Goldman v Cotter*, 10 AD3d 289, 291 [2004]). Misplacement of motion papers can constitute excusable law office failure under some circumstances (*Hunter v Enquirer/Star, Inc.*, 210 AD2d 32 [1994]) and, although defendant's counsel had several opportunities to move to vacate the default prior to September 29, the relatively short period between the default and the motion to vacate contrasts with any pattern of dilatory conduct or an intention to abandon his defense (*DePompo-Seff v Genovese Drug Stores, Inc.*, 13 AD3d 109 [2004]). In any event, a motion based upon excusable default is timely if made "within one year after service of a copy of the judgment or order with written notice of its entry upon the moving party" (CPLR 5015 [a] [1]). Additionally, plaintiffs were unable to articulate, let alone demonstrate, any prejudice from the vacatur of the judgment (*Ahmad v Aniolowiski*, 28 AD3d 692, 693 [2006]).

Although the IAS court did not address the issue of whether defendant raised a meritorious defense, we find that defendant's accountant's report submitted on the initial motion to vacate sets forth a meritorious defense sufficient for the purpose of such a motion. Whether plaintiffs can prevail on their argument that defendant's accountant used an incorrect methodology or improperly interpreted the term "gross receipts" presents issues to be determined as part of the summary judgment motion.

In light of the foregoing, it is unnecessary to address the underlying facts and issues raised in the denial of defendant's second motion to vacate. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.