■ JOHN ZEOLLA, Respondent, v ALFONSO KIMCHE et al., Defendants, and FRANK INZANO et al., Appellants. (Action No.

1.) (And a Third-Party Action.) George Garcia, Respondent, v Alfonso Kimche et al., Defendants. (Action No. 2.) Alfonso Kimche et al., Third-Party Plaintiffs, v Hilltop Service Station Co., Inc., et al., Third-Party Defendants-Appellants, et al., Third-Party Defendant. (And Other Actions.) [859 NYS2d 184]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered April 6, 2007, which, in these personal injury actions arising from a multivehicle accident, granted the motions of plaintiff John Zeolla (Action No. 1, index No. 17045/04) and plaintiff George Garcia (Action No. 2, index No. 114250/04), pursuant to CPLR 3126, to strike the answers of defendants/third-party defendants Frank Inzano and Hilltop Service Station Co., Inc. for failure to comply with discovery orders, unanimously reversed, on the facts, without costs, the answers reinstated and the motions granted only to the extent of directing that the trial court give a negative inference charge against defendants.

Defendants proffered a reasonable excuse for their failure to provide color copies of all the photographs (*see Catarine v Beth Israel Med. Ctr.*, 290 AD2d 213, 215-216 [2002]). Affidavits by defendants' current attorneys and a paralegal in their office detailed the difficulty they experienced in obtaining the complete file from defendants' previous attorneys and the search they conducted for the missing photographs.

Further, the loss of the evidence does not deprive plaintiffs of the means of establishing their claims (*see Marro v St. Vincent's Hosp. & Med. Ctr. of N.Y.*, 294 AD2d 341 [2002]). Defendants provided plaintiffs with black and white copies of the missing photographs, and plaintiffs may offer direct testimony of the location of defendants' tow truck at the time of the accident. Concur—Lippman, P.J., Williams, Moskowitz and Acosta, JJ.