■ HSBC Bank USA, Respondent, v Betty Lugo, Appellant, et al., Defendants. [9 NYS3d 6]—

Amended order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered July 17, 2012, which, in this mortgage foreclosure action, denied defendant mortgagor's motion to dismiss the complaint, or, in the alternative, to compel plaintiff to accept her untimely answer, modified, on the law and the facts, to grant the motion to compel plaintiff to accept defendant's untimely answer, and otherwise affirmed, without costs.

This action seeks foreclosure on a $271,360 mortgage made on May 9, 2006, between New Century Corporation, as lender, and defendant Betty Lugo, as borrower, which was secured by real property located in the Bronx and a note. New Century purportedly assigned the mortgage to plaintiff HSBC Bank USA.

The motion court properly denied defendant's motion to dismiss the complaint. Defendant waived her right to seek dismissal of the complaint as abandoned pursuant to CPLR 3215 (c), because she did not object to plaintiff's treatment of her untimely answer as a notice of appearance and because she thereafter sought documents from plaintiff (*see Myers v Slutsky*, 139 AD2d 709 [2d Dept 1988]). Nor is defendant entitled to dismissal of the complaint based on plaintiff's alleged failure to comply with RPAPL 1304, given the lack of probative evidence concerning the applicability of that section.

However, in light of the strong public policy of this state to dispose of cases on their merits (*see Berardo v Guillet*, 86 AD3d 459, 459 [1st Dept 2011]; *Yu v Vantage Mgt. Servs., LLC*, 85 AD3d 564, 564 [1st Dept 2011]; *Billingy v Blagrove*, 84 AD3d 848, 849 [2d Dept 2011]), the motion court improvidently exercised its discretion in denying defendant's motion to compel acceptance of the untimely answer. The circumstances herein demonstrate that the delay was not willful (*see DaimlerChrysler Ins. Co. v Seck*, 82 AD3d 581 [1st Dept 2011]). Nor has plaintiff pointed to any evidence that the relatively short delay involved here, which was undisputedly mostly attributable to ongoing settlement negotiations, caused it to change its position or to suffer any similar prejudice (*see Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [1st Dept 2007]; *Forastieri v Hasset*, 167 AD2d 125 [1st Dept 1990]). In fact, plaintiff has acknowledged that from September 2009 to June 22, 2011, it placed the foreclosure file on hold while the parties attempted to negotiate a settlement, including defendant's attempt to negotiate for a "short sale." A further hold was placed on the case by FEMA from September 11 through November 22, 2011. The Court accepted plaintiff's argument that its delay in prosecuting this case between 2009 and 2011 was attributable to ongoing settlement negotiations. These same negotiations likewise justify defendant's late answer. Moreover, a review of the record indicates that defendant also has an arguably meritorious affirmative defense of plaintiff's lack of standing to commence this foreclosure action (*see id.*). Serious issues exist regarding plaintiff's ownership of the mortgage and note given the absence of such documents in the record and the fact that

the assignment is undated. These issues are best resolved on the merits, as opposed to on default. Concur—Renwick, Gische and Clark, JJ.

Tom, J.P., and DeGrasse, J., dissent in part in a memorandum by Tom, J.P., as follows: This Court is in agreement that defendant waived her right to seek dismissal of the complaint as abandoned pursuant to CPLR 3215 (c) and that she has not established the applicability of RPAPL 1304 so as to afford a basis for dismissal (RPAPL 1304 [5] [a] [iii]). However, I find that the motion court properly denied defendant's motion to compel acceptance of the answer, given the absence of any excuse for the almost five-month delay in answering the complaint or the nearly two-year delay in making this motion (CPLR 3012 [d]; *see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co.*, 95 AD3d 616, 618 [1st Dept 2012] [no reasonable excuse for default provided]; *Mannino Dev., Inc. v Linares*, 117 AD3d 995 [2d Dept 2014] [absent a reasonable excuse for delay, extension of time to answer properly denied despite defendants' participation in required settlement conferences]; *HSBC Bank USA, N.A. v Lafazan*, 115 AD3d 647 [2d Dept 2014] [same]; *compare Sackman Mtge. Corp. v 111 W. 95th St. Realty Corp.*, 152 AD2d 463, 464 [1st Dept 1989] [prompt answer upon learning that summons and complaint had been mailed to deceased attorney]).

It is within the exercise of a motion court's discretion to assess the sufficiency of a movant's submissions in support of relief pursuant to CPLR 3012 (d) (*e.g. Provident Life & Cas. Ins. Co. v Hersko*, 246 AD2d 365 [1st Dept 1998]), and on this record the finding that defendant failed to advance any excuse whatsoever for her failure to serve a timely answer can hardly be said to have been an abuse of discretion (*see Fidelity & Deposit Co. of Md. v Andersen & Co.*, 60 NY2d 693, 695 [1983]; *Mufalli v Ford Motor Co.*, 105 AD2d 642, 643 [1st Dept 1984]). Even on appeal, defendant supplies no excuse for the delay in answering.

To compel acceptance of defendant's answer, as urged by the majority, on the preference that cases be decided on the merits, results in the exception swallowing the rule. If reaching the merits is the paramount goal, a court need never consider the statutory prerequisites for the grant of relief from a default— namely, a reasonable excuse and the demonstration of the merit of the defense. It is a rare appellate case in which the rationale embraced by the majority has been applied in the context of a motion to compel acceptance of an answer (*see Harcztark v Drive Variety, Inc.*, 21 AD3d 876 [2d Dept 2005] [insurer's three-

month delay in answering a complaint on behalf of its insured]), and no equitable consideration warrants acceptance of the answer in this matter (*cf. Smith v Daca Taxi*, 222 AD2d 209, 211 [1st Dept 1995] [attempted bribery of a witness]). To the contrary, defendant has benefitted from the delay by remaining in possession of the foreclosed vacant premises, which she does not occupy as a principal residence, to the detriment of plaintiff. Defendant's delay of almost two years after the rejection of her answer before moving to compel its acceptance in this foreclosure action does not constitute a "short delay" as urged by the majority. There is no dispute that defendant defaulted in the mortgage payments. The record reflects that defendant owed a default balance of $268,817.47 as of August 31, 2009. In view of the loss of interest on the debt and the associated carrying costs, it also cannot be said that plaintiff will not continue to sustain prejudice as a result of further delay in recovering the property. Thus, this matter does not fulfill the criterion that the grant of relief will not result in prejudice to the opposing party (*see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO*, 293 AD2d 324, 325 [1st Dept 2002]; *Elemery Corp. v 773 Assoc.*, 168 AD2d 246, 247 [1st Dept 1990]). The majority's statement that defendant's short delay was "undisputedly mostly attributable to ongoing settlement negotiations" is inaccurate and not supported by the record. Significantly, defendant's attorney, in his reply affidavit, avers that plaintiff's allegation of negotiation with defendant from September 2009 to June 22, 2011 is "unsubstantiated in any way by affidavit of person with knowledge or [by] documentary evidence." Thus, defendant denies there were negotiations between the parties. Even if there were settlement discussions between the parties, such negotiations cannot extend the time to serve an answer to the foreclosure complaint (*HSBC Bank USA, N.A.*, 115 AD3d at 648).

Finally, some of the defenses proffered border on the frivolous. It should not require elaboration that Supreme Court has subject matter jurisdiction of mortgage foreclosure actions, that a plaintiff's participation in settlement negotiations constitutes good cause for its forbearance in entering judgment on default or that the failure to assert lack of standing in the answer or by way of a pre-answer motion operates as a waiver of such affirmative defense (CPLR 3211 [e]). Therefore, a defendant's failure to assert the standing defense in a timely manner should not be excused merely because its answer, failing to assert the defense, was rejected as untimely (*cf. Wells Fargo Bank, N.A. v Forde-White*, 38 Misc 3d 1209[A], 2013 NY Slip Op 50029[U], *3-4 [Sup Ct, Kings County 2013] [the de-

fendant was permitted to assert lack-of-standing defense in motion to dismiss where the defendant never served an answer]). To the contrary, the opportunity to interpose a second answer does not afford occasion to interpose a defense governed by CPLR 3211 (e) that was not asserted in the original answer (*Addesso v Shemtob*, 70 NY2d 689 [1987]). Thus, whether defendant's asserted lack of standing defense, interposed for the first time in her post-answer motion to dismiss, might constitute an "arguably meritorious affirmative defense," as the majority supposes, is immaterial.

Accordingly, the order should be affirmed in all respects.