Deutsche Bank Natl. Trust Co. v Abrahim (2020 NY Slip Op 02764)





Deutsche Bank Natl. Trust Co. v Abrahim


2020 NY Slip Op 02764


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2018-10474
 (Index No. 11037/10)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Romanie Abrahim, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles Jeanfreau of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Romanie Abrahim appeals from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered June 20, 2018. The order, insofar as appealed from, denied that defendant's cross motion pursuant to CPLR 3215(c) to dismiss the complaint as abandoned.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This mortgage foreclosure action was commenced in 2010 against the defendant Romanie Abrahim (hereinafter the defendant), who is the mortgagor, and others. In December 2016, the plaintiff moved, inter alia, for leave to enter a default judgment and for an order of reference. The defendant cross-moved pursuant to CPLR 3215(c) to dismiss the complaint as abandoned. The Supreme Court, inter alia, denied the cross motion, and the defendant appeals.
Contrary to the defendant's contention, she waived the right to seek a dismissal pursuant to CPLR 3215(c) by appearing in the action and, inter alia, engaging in motion practice as early as 2012 (see HSBC Bank USA v Lugo, 127 AD3d 502, 503; Myers v Slutsky, 139 AD2d 709, 710-711). Accordingly, we agree with the Supreme Court's determination to deny the defendant's cross motion.
In light of our determination, we need not consider the plaintiff's remaining contentions.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court