Humble Monkey, LLC v Rice Sec., LLC (2020 NY Slip Op 03470)





Humble Monkey, LLC v Rice Sec., LLC


2020 NY Slip Op 03470


Decided on June 18, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2020

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


11675 652534/14

[*1] Humble Monkey, LLC, Plaintiff-Appellant-Respondent,
v
Rice Securities, LLC, et al., Defendants-Respondents-Appellants.


J. Greenberger, PLLC, New York (Jordan Greenberger of counsel), for appellant-respondent.



Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about May 21, 2019, to the extent it denied plaintiff's motion for judgment against defendants for failure to produce a witness for deposition in accordance with a prior court order, unanimously modified, on the law and the facts, to strike defendants' answer, direct that a judgment as to liability be entered in plaintiff's favor, and remand the action for a hearing on damages and attorneys' fees, and defendant's cross-appeal therefrom otherwise dismissed, without costs, for failure to timely perfect (22 NYCRR 1250.9[a]).
When defendants failed to comply with the self-executing, conditional order striking their answer if they did not produce a witness for deposition by a date certain, the order became absolute (Diaz v Maygina Realty LLC, 181 AD3d 478 [1st Dept 2020]; CPLR 3126[3]). Defendants' proper recourse was to move to vacate the conditional order on the ground of excusable default (Mehler v Jones, 181 AD3d 535, 535 [1st Dept 2020]; CPLR 5015[a]). They did not seek that relief. In any event, the excuses for failing to comply with the court's order that defendants asserted in opposition to plaintiff's motion were not reasonable, and defendants failed to seek an adjournment from the court or take any other action to avoid their knowing default.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2020
CLERK