Brigham v Jaffe (2020 NY Slip Op 07311)





Brigham v Jaffe


2020 NY Slip Op 07311


Decided on December 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 08, 2020

Before: Acosta, P.J., Gische, Oing, González, Kennedy, JJ. 


Index No. 653270/15 Appeal No. 1256412565-12565A Case No. 2019-04117 

[*1]Thomas Brigham, Plaintiff-Appellant,
v
Mark M. Jaffe et al., Defendants-Respondents.


Thomas Brigham, appellant pro se.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Lorin A. Donnelly of counsel), for Mark M. Jaffe, Beth Pressman, B. Jaffe Real Estate Co. Inc., and B. Jaffe Real Estate Co. L.P., respondents.
Norris McLaughlin, P.A., New York (Gerard Proefriedt of counsel) for Gerard Proefriedt and Norris McLaughlin & Marcus P.A., respondents.
Lewis Brisbois Bisgaard & Smith LLC, New York (Steven R. Montgomery of counsel), for Sara Arnold, Oaklander Coogan & Vitto, P.C., respondents.



Orders, Supreme Court, New York County (Alan C. Marin, J.), entered on or about February 25, 2019, which granted defendants' motions to dismiss the amended complaint with prejudice pursuant to CPLR 3126, unanimously reversed, on the law, the facts and in the [*2]exercise of discretion, without costs, and the motions denied. Appeal from order, same court and Justice, entered on or about June 21, 2019, which denied plaintiff's motion to renew and reargue the February orders, unanimously dismissed, without costs. Order, same court and Justice, entered October 28, 2019, unanimously affirmed insofar as it denied plaintiff's application, which sought permission to move to renew a March 14, 2018 order and a so-ordered stipulation, and the appeal therefrom otherwise dismissed, without costs, as academic. The notice of appeal that plaintiff, who was then represented by counsel, filed in July 2019 was timely, but it failed to identify the June 2019 order as the appealed from decision. Rather, that notice referenced the February orders. Plaintiff's October 2019 notice of appeal, which sought to correct the July 2019 notice of appeal and appeal the June 2019 order was untimely (see CPLR 5513[a]). Accordingly, the appeal from the June 2019 order is dismissed. In any event, plaintiff admittedly states that his motion, although denominated as one to reargue and renew, was actually only a reargument motion, the denial of which cannot be appealed.
The contention of defendants Mark M. Jaffe, Beth Pressman, B. Jaffe Real Estate Co. Inc., and B. Jaffe Real Estate Co., L.P. (the Jaffe Defendants) that plaintiff's appeal from the February orders should be dismissed due to a defective record is unavailing. The record that plaintiff, who is pro se on appeal, submitted is sufficient to permit review.
The motion court improvidently exercised its discretion by dismissing the amended complaint pursuant to CPLR 3126 (see e.g. Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215-216 [1st Dept 2002]; Palmenta v Columbia Univ., 266 AD2d 90, 91 [1st Dept 1999]; Hanson v City of New York, 227 AD2d 217 [1st Dept 1996]). Defendants did not "clearly establish[]" that plaintiff's noncompliance was "both deliberate and contumacious" (Catarine, 290 AD2d at 215). The lawyers for all defendants agreed that plaintiff could serve his responses to their discovery demands on September 17, 2018. On that date, plaintiff's counsel provided hard-copy responses and a USB drive with nonparty Charles Karp (Karp), an employee of the Jaffe Defendants, who delivered these items to those defendants' attorney. Plaintiff also hand-delivered — at a minimum — the USB drive to counsel for defendants Sara Arnold and Oaklander, Coogan & Vitto Architects, P.C. (the Arnold Defendants). Plaintiff asserts that he also hand-delivered his hard-copy responses to the Arnold Defendants' attorney, but counsel contends that he only received the USB drive. There is also conflicting evidence as to whether plaintiff delivered certain discovery responses to Karp for subsequent delivery to counsel for the Jaffe Defendants and defendants Gerard and Norris McLaughlin & Marcus P.A. (the Proefriedt Defendants).
We recognize that plaintiff, who was pro se, should have served counsel for the Jaffe and the Proefriedt Defendants rather than delivering discovery responses to Karp. However, there is no dispute that Karp delivered plaintiff's package to counsel for the Jaffe Defendants. Once plaintiff retained counsel, said counsel served responses on all defendants in February 2019. "Mere lack of diligence in furnishing some of the requested materials is not grounds for dismissal of the action" (Postel v New York Univ. Hosp., 262 AD2d 40, 42 [1st Dept 1999]; see also Hanson, 227 AD2d at 217). Moreover, a CPLR 3126 "sanction should be commensurate with the particular disobedience it is designed to punish, and go no further than that" (Merrill Lynch, Pierce, Fenner & Smith, Inc. v Global Strat Inc., 22 NY3d 877, 880 [2013] [internal quotation marks omitted]).
In light of our reversal of the February 2019 orders, plaintiff's appeal from so much of the October 2019 order that denied his application seeking permission to renew his motions and [*3]proceedings that results in the February orders, the June 2019 order, and the September 27, 2018 so-ordered stipulation (Carmen Victoria St. George, J.), is academic. That part of the October 2019 order that denied plaintiff's request for permission to renew the March 14, 2018 order and so-ordered stipulation was properly denied. Plaintiff agreed in open court to the terms of the stipulation and may not seek to renew it.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 8, 2020