J.G. v Fortress CD, LLC (2021 NY Slip Op 06545)





J.G. v Fortress CD, LLC


2021 NY Slip Op 06545


Decided on November 23, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 23, 2021

Before: Acosta, P.J., Gische, Singh, Scarpulla, Mendez, JJ. 


Index No. 350149/13 Appeal No. 14667-14668 Case No. 2019-03986 2020-03004 2020-03007 

[*1]J.G., an Infant by his Mother and Natural Guardian Quaisha K., et al., Plaintiffs-Appellants,
v
Fortress CD, LLC, et al., Defendants-Respondents, Andrew Prince, Defendant. [And Third-Party Action.]
Fortress CD, LLC, et al., Second Third-Party Plaintiffs,
v
N & J Home Improvement Corp., Second Third-Party Defendant-Respondent, A Pacific Environmental Corp., et al., Second Third-Party Defendants.


Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellants.
Goldberg Segalla, LLP, White Plains (William T. O'Connell of counsel), for Fortress CD, LLC and Ian Brown, respondents.
Rutherford Christie, LLP, New York (Michael C. Becker of counsel), for Harlem United Community AIDS Center, Inc., respondent.
Farber Brocks & Zane L.L.P., Garden City (Lester Chanin of counsel), for N & J. Home Improvement Corp., respondent.



Orders, Supreme Court, Bronx County (Laura G. Douglas, J.), entered on or about February 6, 2020, which, respectively, dismissed the complaint in its entirety and denied plaintiffs' order to show cause seeking to vacate an order, same court and Justice, entered on or about September 13, 2019, which granted defendants' motion to strike the complaint unless plaintiff Quaisha Kelley and a nonparty witness appeared for deposition within 30 days of service of the order with notice of entry, unanimously reversed, on the law and the facts, without costs, and plaintiffs' order to show cause granted to the extent of vacating the conditional order. Appeal from the September 2019 order unanimously dismissed, without costs, as subsumed in the appeal from the February 2020 order.
In support of their motion to vacate the September 2019 conditional order of dismissal, which became absolute upon plaintiffs' failure to produce their witnesses for deposition within the time specified, plaintiffs demonstrated a reasonable excusable for their failure to produce the witnesses (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80 [2010]; Humble Monkey, LLC v Rice Sec., LLC, 184 AD3d 498 [1st Dept 2020]). Plaintiff demonstrated bona fide efforts to schedule plaintiff's continued deposition. After new dates could not be mutually agreed upon, it sought the Court's assistance in scheduling new dates. There is no basis to conclude that the nonparty would not have been scheduled once the plaintiff's deposition was completed. Additionally, failure to submit an affidavit of merit in moving to vacate the dismissal is not fatal (see Marks v Vigo, 303 AD2d 306, 307 [1st Dept 2003] [meritorious claim can be demonstrated by evidence in the record]; Catarine v Beth Israel Med. Ctr., 290 AD2d 213, 215 [1st Dept 2002]). Here, there is evidence in the record that plaintiff-infant suffered lead poisoning as diagnosed by plaintiff-infant's pediatrician. Further, plaintiffs submitted proof that the New York City Department of Health Lead Poisoning Prevention Program
10 (DOH) inspected the subject premises and found areas therein which
11 constituted lead hazards.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 23, 2021