Matter of Thomas Anthony Holdings LLC v Goodbody (2022 NY Slip Op 06569)

Matter of Thomas Anthony Holdings LLC v Goodbody

2022 NY Slip Op 06569

Decided on November 17, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 17, 2022

Before: Kern, J.P., Scarpulla, Rodriguez, Pitt, Higgitt, JJ. 

Index No. 157008/21 Appeal No. 16685 Case No. 2022-02621 

[*1]In the Matter of Thomas Anthony Holdings LLC, Petitioner-Respondent,
v
Bridget Goodbody et al., Respondents-Appellants.

Kane Kessler, P.C., New York (David A. Gold of counsel), for appellants.
Tuttle Yick LLP, New York (Eli D. Raider of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered on or about February 24, 2022, which denied respondents' motion for a default judgment on their counterclaims pursuant to CPLR 3012(d) and granted petitioner's cross motion to serve a late reply to the counterclaims pursuant to CPLR 3215, unanimously affirmed, with costs.
The court providently exercised its discretion in granting petitioner's cross motion to serve a late reply to respondents' counterclaims, and denying as moot respondent's motion for a default judgment on the counterclaims, especially in view of the strong public policy to dispose of cases on their merits (see HSBC Bank USA v Lugo, 127 AD3d 502 [1st Dept 2015]). Although petitioner's excuse that it overlooked the counterclaims in respondents' answer was "hardly overwhelming," it was adequate given that the delay was minimal, was not willful, and did not prejudice respondents (Jones v 414 Equities LLC, 57 AD3d 65, 81 [1st Dept 2008]; see generally Emigrant Bank v Rosabianca, 156 AD3d 468, 472-473 [1st Dept 2017]). Furthermore, petitioner demonstrated potentially meritorious defenses to the counterclaims (see Emigrant Bank, 156 AD3d at 473).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 17, 2022