Jia Wang v Marano (2025 NY Slip Op 02859)

Jia Wang v Marano

2025 NY Slip Op 02859

Decided on May 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 08, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Scarpulla, Mendez, Rodriguez, JJ. 

Index No. 651109/22|Appeal No. 4319|Case No. 2024-02613|

[*1]Jia Wang et al., Plaintiffs-Appellants,
v
Anthony T.J. Marano et al., Defendants-Respondents, Fang Mi et al., Defendants.

Jia Wang, appellant pro se.
Zehu Yu and Yayin Jia, New York, for Gia Wang LLC, appellant.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 13, 2024, which, insofar as appealed from as limited by the briefs, denied plaintiffs' cross-motion for a default judgment against defendants Ozymandius, 4-6 West 14th Street LLC (4-6 LLC), and 4-6 West 14th Street Ventures LLC (Ventures), and to dismiss the counterclaim of defendants Marano, Ozymandius, and 4-6 LLC, and granted Ventures' cross-motion to compel acceptance of its answer, unanimously affirmed, with costs.
The court providently exercised its discretion in denying plaintiffs' cross-motion for a default judgment against defendants Ozymandius and 4-6 LLC in view of the strong public policy to dispose of cases on their merits (see HSBC Bank USA v Lugo, 127 AD3d 502, 503 [1st Dept 2015], appeal dismissed 33 NY3d 1039 [2019]). Moreover, those defendants proffered a reasonable excuse for their delay in that the individual who was served with the summons and complaint was not authorized to accept service and the pleadings were misplaced shortly after he received them. The short two-month delay between service of the summons and complaint and service of the answer and counterclaim was not willful, and plaintiffs presented no evidence of prejudice (see Matter of Thomas Anthony Holdings LLC v Goodbody, 210 AD3d 547 [1st Dept 2022]).
The court also providently exercised its discretion in granting Ventures' cross-motion to compel plaintiffs to accept its answer nunc pro tunc. Ventures submitted an affidavit from its counsel stating that the law firm's office manager inadvertently submitted only the verification page of the answer for e-filing. This law office failure constituted a reasonable excuse for the delay, and the affidavit demonstrated that this defendant did not willfully fail to answer the complaint (see Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]).
The court properly declined to dismiss the counterclaim. The documentary evidence did not utterly refute the breach of fiduciary duty counterclaim as it failed to demonstrate that plaintiff failed to disclose to Marano and 4-6 LLC that she was serving as the tenant's exclusive broker (see Goshen v Mut. Life Ins Co, 98 NY2d 314, 326 [2002]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 8, 2025