Canales-Diaz v City of New York (2025 NY Slip Op 06127)

Canales-Diaz v City of New York

2025 NY Slip Op 06127

Decided on November 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 06, 2025

Before: Moulton, J.P., Gesmer, Rodriguez, Higgitt, Michael, JJ. 

Index No. 801359/21|Appeal No. 5120|Case No. 2024-06309|

[*1]Hernan Canales-Diaz et al., Plaintiffs- Respondents,
v
The City of New York et al., Defendants-Appellants.

London Fischer LLP, New York (James Walsh of counsel), for appellant.
Rosenberg, Minc, Falkoff & Wolff, LLP, New York (Jesse M. Minc of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered October 3, 2024, which, to the extent appealed from as limited by the briefs, denied defendants' motion to vacate a default judgment granting plaintiffs' motion for partial summary judgment on the Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Defendants' counsel's family emergency involving her father's sudden illness in India was a reasonable excuse for defendants' failure to respond to plaintiffs' motion for summary judgment and amounted to law office failure (see Stephenson v Hotel Empls. & Rest. Empls. Union Local 100 of AFL-CIO, 293 AD2d 324, 325 [1st Dept 2002]). Although counsel did not submit any medical documentation or proof of travel to the court, plaintiffs never disputed counsel's family emergency.
However, defendants failed to offer a meritorious defense to plaintiffs' Labor Law § 240(1) claim. The notarized statement of a site supervisor failed to controvert plaintiff worker's account of the accident or call his credibility into question (see Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]). Specifically, the statement failed to controvert plaintiff's testimony and averment, supported by an expert's affidavit, that he fell from a scaffold ladder. The supervisor's statement also failed to rebut that a post-accident photograph showed that the ladder was not clamped to the bottom of the scaffold platform. Moreover, the supervisor's statement failed to contest plaintiff's account that the improper placement of the ladder required him to step over a windowsill to reach it (see Klein v City of New York, 89 NY2d 833, 835 [1996]; see also Hernandez v Argo Corp., 95 AD3d 782, 783 [1st Dept 2012]). The statement also did not address plaintiffs' claim that the ladder was too short for plaintiff to hold onto while descending from the outrigger platform to the scaffold platform, requiring him to hold onto scaffold piping to step onto the top rung of the ladder (see Cuentas v Sephora USA, Inc., 102 AD3d 504, 504 [1st Dept 2013]).
In view of the foregoing, the parties' arguments regarding whether defendants presented a meritorious defense to the Labor Law § 241(6) claim are academic (see Perez v 1334 York, LLC, 234 AD3d 455, 457 [1st Dept 2025]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 6, 2025