■ BARBARA ARONSON et al., Appellants, v HYATT INTERNATIONAL CORPORATION et al., Respondents. [608 NYS2d 187] — Order of the Supreme Court, New York County (Seymour Schwartz, J.), entered on or about January 6, 1993, which denied plaintiffs' motion to vacate their default in opposing defendants' prior motion for summary judgment dismissing the complaint, unanimously affirmed, without costs. The appeal from the order of the same court and Justice, entered April 14, 1993, which denied plaintiffs' motion to reargue (denominated a motion to renew and reargue), unanimously dismissed as nonappealable, without costs.

Plaintiff Barbara Aronson was injured on a "wilderness snorkeling boat trip" while vacationing in Cancun, Mexico. The boat in which she and her son were passengers was struck from behind, causing Mrs. Aronson to be ejected from the craft and to come into contact with the boat's propeller. At the time, Mrs. Aronson and her husband, plaintiff William Aronson, together with their two children, were guests at the Hyatt Regency Cancun Hotel.

Defendants moved for summary judgment dismissing the complaint on the ground that the boat trip was operated by Marina Aqua-Ray, an entity in which defendants have no interest and over which they exercise no control. The marina is located some 10 minutes away from the Hotel by taxi, and vouchers for the trip are sold from a hut located on Hotel premises. At the time plaintiff purchased the voucher, she signed a waiver of liability provided by Marina Aqua-Ray. Defendants also asserted, in support of their motion, that the Hotel was at all relevant times owned and operated, respectively, by two Mexican corporations and that Hyatt International Corporation had no interest, control or ownership in either of those entities. Finally, defendants asserted that the dismissal of a prior action commenced in the United States District Court for the Central District of California is res judicata, barring the instant lawsuit.

Supreme Court dismissed the complaint upon plaintiffs' default in appearance in opposition to the motion. Thereupon, plaintiffs moved to vacate their default, which the court denied in the order subject to this appeal.

It is well settled that a party seeking to be relieved from an order or judgment entered on default must demonstrate both a reasonable excuse for nonappearance and a meritorious cause of action or defense *(Barasch v Micucci,* 49 NY2d 594, 599; *see also, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 141). While the brochures and other exhibits annexed to plaintiffs' moving papers provide a possible basis for holding defendants accountable for any liability associated with the operation of the Hotel, there is nothing in the record to support a finding that the Hotel is liable for acts and omissions on the part of the marina. The record reflects that Marina Aqua-Ray was merely a lessee of space on Hotel property for the purpose of promoting its services to tourists. As a general rule, an owner of property has no duty to control the conduct of a tenant for the benefit of third parties absent knowledge of the need for such control and an opportunity to exercise it *(Toma v Charbonneau,* 186 AD2d 846; *Kelleher v Mazzaro,* 168 AD2d 799, 800, *lv denied* 78 NY2d 851). Accordingly, plaintiffs have not established the merit of their action, and the denial of their motion to vacate the default cannot be said to be an abuse of discretion.

The appeal from the denial of plaintiffs' motion to reargue must be dismissed inasmuch as plaintiffs offered no facts in support of reargument that were not available on the original motion, and no appeal lies from the denial of reargument.

In view of the foregoing disposition, it is unnecessary to reach plaintiffs' other contentions. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.