■ Miguel Cedeno, Appellant, v Wimbledon Building Corp., Respondent. [615 NYS2d 40] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered January 20, 1993, which conditionally vacated a $25,000 default judgment, unanimously reversed, on the law, and the judgment is unconditionally reinstated, without costs.

Default judgment in this personal injury action was entered in 1991. A motion to vacate should be made within one year of entry of a default judgment (CPLR 5015 [a] [1]). Defendant moved to vacate in August 1992, more than a year after entry of the judgment, arguing that its first notice of the action was in an April 1992 letter from plaintiff's counsel demanding payment. Even if the motion could be considered timely, it does not satisfy the dual requirements of showing reasonable excuse for the default and a meritorious defense *(Gray v B. R. Trucking Co.,* 59 NY2d 649).

Service was effected in person at the office of the Secretary of State, and by mail directed to defendant's designated agent at an office location that counsel says he vacated eight years earlier. Defendant maintains that minimal diligence on plaintiff's part would have led him to counsel's correct address. But it is a corporation's obligation to keep on file with the Secretary of State the current address of an agent to receive service of process *(Cristo Bros. v M. Cristo, Inc.,* 91 AD2d 807), and failure to meet that obligation will not constitute reasonable excuse to vacate a default judgment *(Conte Cadillac v C.A.R.S. Purch. Serv.,* 126 AD2d 621, 622). It is for this reason that service of process on a corporation is deemed complete when the Secretary of State is served, regardless of whether such process ultimately reaches the corporate defendant *(Associated Imports v Leon Amiel Publ.,* 168 AD2d 354, *lv dismissed* 77 NY2d 873).

Defendant also failed to offer a meritorious defense. A statement by defendant's corporate president, to the effect that its insurer has declined to investigate, defend or settle the underlying claim, is insufficient in this regard *(Gray v B. R. Trucking Co., supra).* Concur—Murphy, P. J., Carro, Ellerin, Wallach and Rubin, JJ.