OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 In response to complainant’s report that defendant, her boyfriend, had assaulted her and threatened to kill her with a gun, four Yonkers police officers accompanied complainant to her apartment to arrest defendant and search for the gun. During the search incident to defendant’s arrest, a ring of car keys bearing defendant’s name fell from his clothing. After being advised of his
 
 Miranda
 
 rights, defendant informed the officers that they were the keys to his car, the red Chevy parked across the street from the apartment.
 

 A search of the apartment, on complainant’s consent, failed to locate the gun. Complainant informed the officers that
 
 *980
 
 defendant might have placed the gun in his car, the red Chevy. Shining a flashlight into the driver’s side window, the officer saw a partially open vinyl bag containing a clear plastic bag holding a brown substance resembling heroin. The officer’s supervisor concurred that the item resembled heroin and, after a check of the license plates revealed that they were reported stolen, the officer unlocked first the door and then the trunk of the car, recovering drugs and drug paraphernalia.
 

 Defendant moved to suppress the seized evidence on the ground that he did not consent to the search, and sought suppression of his statements that the keys belonged to him, that his car was the red Chevy parked across the street, and that the officers could search his car, on the ground that they were made involuntarily. County Court denied suppression, finding that defendant’s statements and consent to search had been voluntary. Defendant was convicted of first degree criminal possession of a controlled substance and second degree criminal use of drug paraphernalia, and the Appellate Division affirmed.
 

 We reject defendant’s contention that County Court was obligated to inquire further, after reviewing his motion for reassignment of counsel, into the factual bases for his
 
 pro se
 
 submission, as defendant failed to show good cause for substitution
 
 (see, People v Sawyer,
 
 57 NY2d 12, 18-19). Irrespective of the standard for determining the voluntariness of defendant’s consent
 
 (see, People v Gonzalez,
 
 39 NY2d 122), we determine that there is evidence in the record to support the Appellate Division’s conclusion that the heroin was in plain view on the front seat of the car and thus lawfully viewed by the police in response to complainant’s information that the gun might be found there
 
 (see, Horton v California,
 
 496 US 128;
 
 People v Diaz,
 
 81 NY2d 106, 110-112). Once they observed the plastic bag containing what reasonably appeared to be heroin, the police officers had probable cause to enter the automobile.
 

 Defendant’s remaining contentions are either unpreserved or without merit.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.