■ RAINBOW VENTURE ASSOCIATES, L. P., Respondent, v PARC VENDOME ASSOCIATES, LTD., et al., Defendants, and BOARD OF MANAGERS OF PARC VENDOME CONDOMINIUM CORPORATION, Appellant. [633 NYS2d 478] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered June 29, 1994, which granted plaintiff's motion to reargue and, upon reargument, granted, in part, plaintiff's motion for leave to commence a separate action to recover for physical damages to the mortgaged premises, unanimously affirmed, with costs.

RPAPL 1301 (3) precludes a mortgagee who has elected foreclosure from commencing a separate action on the mortgage debt, without leave of the court (*Marine Midland Bank v Lake Huntington Dev. Group*, 185 AD2d 395, 396). Therefore, in those instances in which a party has obtained a final judgment in a foreclosure action, permission to institute a separate action on the debt will not be granted " 'unless special circumstances were shown which manifestly required that course' " (*Sanders v Palmer*, 68 NY2d 180, 185). Here, plaintiff, in the event that it were to be barred from maintaining the proposed separate action for damages arising out of the purportedly negligent maintenance of the health club unit, would be effectively prevented from pursuing its claims, some of which are against parties not named in the foreclosure proceeding, because the Statute of Limitations would expire long before there is a foreclosure, a sale of the premises and a deficiency judgment. The position of defendant Board of Managers of the condominium corporation would enable alleged tortfeasors to escape any responsibility for their wrongs. In view of the extent of the alleged damage to the mortgaged property, the substantial size of the mortgage debt and the default by the owner of the property, defendant Parc Vendome Associates, it is highly unlikely that plaintiff would ever be able to collect on the deficiency judgment. A special circumstance exists where it appears improbable that the foreclosure will satisfy the mortgage debt (*201 Brook Realty Corp. v Merrill Assocs.*, 192 AD2d 302).

It should also be noted that the foreclosure proceeding involves different questions of fact, law, and proof than does the proposed action (see, Dollar Dry Dock Bank v Piping Rock Bldrs., 181 AD2d 709).

We have considered defendant-appellant's remaining contentions, including its argument that the IAS Court was not justified in granting plaintiff's motion for reargument and/or renewal, and find them to be without merit. Concur—Ellerin, J. P., Wallach, Rubin and Williams, JJ.