■ JEROME KELLERT et al., Appellants, v MAIL BOXES, ETC. USA, INC., et al., Respondents. [669 NYS2d 557] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered January 17, 1996, which denied plaintiffs' motion to vacate the dismissal of this action based on their failure to appear at a conference, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered February 7, 1997, which denied plaintiffs' motion to reargue the prior order, unanimously dismissed, without costs, as taken from a nonappealable order.

The court properly exercised its discretion in dismissing this action on default when both parties failed to appear at a scheduled status conference in January 1993 (*see,* Uniform Rules for Trial Cts [22 NYCRR] § 202.27 [c]), and properly denied plaintiffs' March 1995 motion to vacate their default. Even were we to accept plaintiffs' contention that the standard for vacatur of a dismissal pursuant to CPLR 3404 should not be applied in this case, and apply instead the standard applicable to a vacatur sought under CPLR 5015 (a), we would conclude that the motion was properly denied since plaintiffs failed to make an adequate showing of merit (*see, Lake Claire Homeowners Assn. v Rosenberg*, 245 AD2d 427; *see also, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831) and that they had a reasonable excuse for failing to appear, especially considering their egregious non-compliance with a preliminary conference order directing them to file a note of issue by March 1991.

The order denying reargument is nonappealable. We have considered plaintiffs' other contentions and find them to be without merit. Concur—Milonas, J. P., Nardelli, Williams and Mazzarelli, JJ.