■ MARIA C. SOLOWIJ, Appellant, v OTIS ELEVATOR Co. et al., Respondents. [688 NYS2d 147] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 28, 1997, which denied plaintiff's motion to vacate the dismissal of her action pursuant to CPLR 5015, reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's default vacated and the complaint reinstated.

The affidavit submitted by plaintiff showed that the default was due to the misconduct of a former paralegal in her counsel's law firm. This constituted a reasonable excuse for plaintiff's various defaults which, coupled with her affidavit of

merit suggesting that plaintiff had a reasonably meritorious claim, furnished grounds for vacatur of the default. As we have previously held in somewhat similar circumstances, the misconduct by the paralegal was sufficient to establish a valid excuse for the failure to prosecute and the denial of the vacatur of the unintentional default was an unduly harsh penalty (*see, Ackerson v Stragmaglia*, 176 AD2d 602, 605). Concur— Nardelli, Rubin and Mazzarelli, JJ.

Sullivan, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated by Diane Lebedeff, J. Particularly cogent is the court's observation that "[t]he claim that [plaintiff's former attorney of record] received no written communications—either from opposing counsel or the court's generated notices—is not creditable absent some explanation as to how all of these numerous items could have gone astray both before and after the paralegal upon whom it lays blame left the firm."