■ SONIA MEDIAVILLA, Individually and as Mother and Natural Guardian of NILSA MEDIAVILLA and Another, Infants, Appellant, v PAUL GURMAN, Individually and Doing Business as 139-141 ORCHARD STREET CORP., et al., Respondents. [707 NYS2d 432] —Order, Supreme Court, New York County (Lorraine

Miller, J.), entered on or about February 11, 1999, which denied plaintiffs' motion to vacate the dismissal of their complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, and the complaint reinstated.

Plaintiffs served a verified complaint dated March 22, 1996, alleging they sustained personal injury as the result of defendants' negligent maintenance and repair of their apartment. Following joinder of issue and service of plaintiffs' bill of particulars, the parties appeared for a preliminary conference on January 29, 1997, at which the court (Richard B. Lowe, III, J.) set a schedule for discovery. Thereafter, plaintiffs' counsel received a letter advising that the case was scheduled for a conference on February 4, 1998 at 3:00 P.M. before Justice Lorraine Miller. When plaintiffs' counsel failed to appear on the date scheduled, the court dismissed the matter.

By notice dated December 4, 1998, plaintiffs moved to vacate the dismissal of their complaint pursuant to CPLR 5015 (a) (1), alleging that counsel's failure to appear was inadvertent due to a clerical error. The motion was accompanied by an affidavit of merit from plaintiff Sonia Mediavilla as well as medical records from Beth Israel Medical Center and the Nena Health Center. Plaintiffs' attorney argued that no prejudice resulted from the delay in moving to restore the matter to the calendar.

Defendants argued that the excuse for the default amounted to law office failure and was inadequate in view of counsel's failure to set forth facts explaining the failure to appear. Defendants further argued that plaintiffs had failed to establish a meritorious cause of action. Finally, they asserted that they would sustain prejudice because some of the injuries alleged to have been sustained occurred almost 10 years previously.

Supreme Court agreed with defendants' arguments and denied the motion based on this Court's decision in *Ware v Porter* (227 AD2d 214, 215), which requires the movant to demonstrate "that the case has merit, that a reasonable excuse for the delay exists, the absence of an intent to abandon the matter, and a lack of prejudice to the non-moving party in the event the case is restored to the trial calendar." However, that case involves restoration of an action deemed abandoned pursuant to CPLR 3404 because it had been marked off calendar and not restored within one year. By contrast, this matter was dismissed pursuant to the Uniform Rules for Trial Courts (22 NYCRR) § 202.27, and plaintiffs moved to restore it within the year. CPLR 3404 is therefore inapposite (*cf., Kellert v Mail Boxes, Etc. USA*, 248 AD2d 127).

To obtain relief from an order or judgment on the basis of excusable default pursuant to CPLR 5015 (a) (1), a party must provide a reasonable excuse for the failure to appear and demonstrate the merit of the cause of action or defense (*see, Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141; *Aronson v Hyatt Intl. Corp.*, 202 AD2d 153; *Adam v Hilton Hotels Corp.*, 91 AD2d 884). Assessment of the sufficiency of the proffered excuse and the adequacy of merit rests within the sound discretion of the court (*Provident Life & Cas. Ins. Co. v Hersko*, 246 AD2d 365; *Smith v Daca Taxi*, 222 AD2d 209, 211).

While the reason given by counsel for plaintiffs for failing to appear at the conference is short on detail, law office failure does not preclude the court from excusing a default or delay (CPLR 2005; *cf., Barasch v Micucci*, 49 NY2d 594). The affidavit of merit asserted by defendants to be conclusory is accompanied by medical records detailing the injuries alleged in the complaint. Under these circumstances and in consideration of the strong public policy of this State that matters be decided on their merits (*Stevenson Corp. v Dormitory Auth.*, 112 AD2d 113, 116), we conclude that Supreme Court improvidently exercised its discretion in failing to restore this matter to the trial calendar. Concur—Nardelli, J. P., Ellerin, Lerner and Rubin, JJ.