■ MARTIN NAVARRO, Appellant, v A. TRENKMAN ESTATE, INC., Respondent. (And a Third-Party Action.) [719 NYS2d 34]

—Order, Supreme Court, New York County (Lorraine Miller, J.), entered June 4, 1999, which denied plaintiff's motion to vacate the dismissal of his complaint and restore the matter to the trial calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion granted, the complaint reinstated and the matter restored to the trial calendar.

It is well established that in order to obtain relief from an order or judgment on the basis of an excusable default pursuant to CPLR 5015 (a) (1), the moving party must provide a reasonable excuse for the failure to appear and must further demonstrate that the case has merit (*Mediavilla v Gurman*, 272 AD2d 146, 148; *Kellert v Mail Boxes, Etc. USA*, 248 AD2d 127; *Aronson v Hyatt Intl. Corp.*, 202 AD2d 153, 154). Moreover, it is within the sound discretion of the motion court to determine whether the proffered excuse and the statement of merits are sufficient (*Mediavilla v Gurman, supra*, at 148; *Princeton Venture Research v Kaye, Scholer, Fierman, Hays & Handler*, 256 AD2d 222; *Provident Life & Cas. Ins. Co. v Hersko*, 246 AD2d 365).

In this matter, plaintiff's attorney maintains that his failure to appear at four conferences and at least one scheduled mediation were due to the wrongful acts of his office manager, against whom criminal charges are now pending. Specifically, it is alleged that that employee did not calendar conference dates, failed to record messages, did not file papers correctly, or at all, and destroyed incoming mail, which was all part of an effort to cover up a scheme by which she embezzled over $100,000 from plaintiff's attorney. Since law office failure does not preclude a court from excusing a default, we find that the misconduct of the former office manager constitutes a valid excuse for plaintiff's failure to appear (*see*, CPLR 2005; *Solowij v Otis El. Co.*, 260 AD2d 226). We also find that plaintiff has adequately demonstrated the meritorious nature of his claims through a verified bill of particulars submitted with his motion.

In view of the foregoing circumstances and in consideration of the strong public policy of this State that matters be decided on their merits (*Smith v Daca Taxi*, 202 AD2d 220; *Stevenson Corp. v Dormitory Auth.*, 112 AD2d 113), we conclude that the motion court improvidently exercised its discretion when it denied plaintiff's motion. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Rubin, JJ.