(April 3, 2001)

■ Sandra Ramos, as Administratrix of the Estate of Juana Perez, Deceased, Appellant, v Dr. Martin Luther King, Jr. Health Center, Inc., Respondent and Third-Party Plaintiff-Respondent. Howard R. Fox et al., Third-Party Defendants-Respondents. Dr. Martin Luther King, Jr. Health Center, Inc., Second Third-Party Plaintiff-Respondent, v Allyn J. Fox, Second Third-Party Defendant-Respondent. [722 NYS2d 375] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 22, 1999, which denied plaintiff's motion to vacate the dismissal of this action and to restore it to the trial calendar, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion granted, the dismissal vacated and the matter restored to the trial calendar.

The motion court improvidently exercised its discretion in denying vacatur of the dismissal order. Initially, the dismissal was unwarranted, since there was no evidence that plaintiff's default had been willful or contumacious (see, CPLR 3126; *Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193). Moreover, plaintiff sufficiently established a reasonable excuse for her failure to file a note of issue as directed by the court's preliminary conference order, and a meritorious case (see, *Navarro v Trenkman Estate*, 279 AD2d 257; *Mediavilla v Gurman*, 272 AD2d 146, 148; CPLR 5015 [a] [1]) by making a showing of law office failure (see, CPLR 2005), due to a former associate's inexperience, and by submission of a physician's affidavit of merit, respectively. Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.