Judgment, Supreme Court, New York County (Robert Stolz, J.), rendered July 2, 2007, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.
The court properly denied defendant’s day-of-trial motion for assignment of new counsel since his papers lacked specific factual allegations and did not contain any serious complaint requiring an inquiry by the court (see People v Beriguette, 84 NY2d 978, 980 [1994]; People v Sides, 75 NY2d 822 [1990]; People v Paniagua, 17 AD3d 123 [2005], lv denied 5 NY3d 792 [2005]). Defendant chose to make his application entirely by way of a standard form motion that lacked any substance, and upon which he did not elaborate. In any event, the court engaged in a colloquy with defense counsel that did not reveal any reason for substitution or further inquiry.
Defendant’s challenge to the sufficiency of the evidence is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility. Defendant’s fingerprint found on a cookie tin inside the victim’s apartment was sufficient to support the conviction (see People v Steele, 287 AD2d 321, 322 [2001]). The victim’s credible testimony that he cleaned the tin, including its outside, between the time he acquired it and the time of the burglary negated any reasonable possibility that defendant innocently placed his fingerprint on the tin on some hypothetical occasion such as while shopping. Concur—Saxe, J.P., Sweeny, Moskowitz, Acosta and Richter, JJ.