■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREG CANTONI, Appellant. [908 NYS2d 651]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at request for new counsel; Daniel P. Conviser, J., at jury trial

and sentence), rendered August 18, 2009, convicting defendant of criminal possession of stolen property in the fourth degree (two counts), criminal possession of stolen property in the fifth degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion in summarily denying defendant's eve-of-trial request for the appointment of substitute counsel. It was clear to the court that defendant's sole complaint about his attorney was that he had mishandled defendant's request to testify before the grand jury. The court was thoroughly familiar with that matter by virtue of its recent disposition of defendant's motion to dismiss the indictment, and it was well aware that defendant's complaint about his counsel had no merit and that there was no good cause for a substitution (see People v Beriguette, 84 NY2d 978, 980 [1994]; compare People v Sides, 75 NY2d 822, 824 [1990]). Moreover, there was no indication that counsel's representation, either before or after the application, was in any way deficient (see People v Linares, 2 NY3d 507, 511 [2004]).

The trial court properly exercised its discretion in denying defendant's mistrial motion based on a police officer's fleeting and unelaborated reference to the recovery of an undescribed identification card at the time the stolen credit cards at issue were recovered. This testimony did not implicate defendant in any uncharged crimes and was not prejudicial (see People v Flores, 210 AD2d 1, 2 [1994], lv denied 84 NY2d 1031 [1995]). Concur—Andrias, J.P., Friedman, Renwick, Richter and Manzanet-Daniels, JJ.