Top Notch Drywall Corp., Respondent,
against
All Mine of Orange, Inc., Appellant.



Appeal from an order of the City Court of Newburgh, Orange County (E. Loren Williams, J.), dated April 7, 2015. The order denied defendant's motion to vacate a default judgment.




ORDERED that the order is affirmed, without costs.
In this action to recover for construction services provided by plaintiff to defendant, the summons and complaint were served on the Secretary of State, pursuant to Business Corporation Law § 306, in August 2014. Upon defendant's failure to appear and answer, plaintiff obtained a default judgment. Thereafter, defendant moved to vacate the default judgment. In an order dated April 7, 2015, the City Court denied defendant's motion. On appeal, defendant claims that it did not receive notice of the summons and complaint because, although its physical location never changed, its address had changed. 
While there is no per se rule under CPLR 5015 which precludes a corporation from establishing, as its reasonable excuse for defaulting in an action, its failure to keep current its address on file with the Secretary of State (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]), courts should consider, as one factor in determining whether such an excuse is reasonable, "the length of time for which the address had not been kept current" (id.). Since defendant failed to update its address on file with the Secretary of State for over 12 years, we find that defendant has not demonstrated a reasonable excuse for its default (see Widgren v 313 E. 9th Assoc., 295 AD2d 146 [2002]; Crespo v A.D.A. Mgt., 292 AD2d 5 [2002]; Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297 [1994]; Long Is. Indus. Group Two LLC v Prime Communications Inc., 13 Misc 3d 127[A], 2006 NY Slip Op 51668[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). 
While relief from a default judgment may be obtained pursuant to CPLR 317 where service was made in a manner other than by personal delivery and the defaulting party did not receive actual notice of the summons in time to defend (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d at 143; Persaud v Gallante Props., Inc., 11 AD3d 442 [2004]; Udell v Alcamo Supply & Contr. Corp., 275 AD2d 453 [2000]), here, the fact that the incorrect address remained on file with the Secretary of State for over 12 years, without any explanation by defendant as to why it had not provided the Secretary of State with its changed address, should be deemed "a deliberate attempt to avoid . . . notice" (Eugene Di Lorenzo, Inc. v Dutton Lbr. Co., 67 NY2d at 143). Consequently, defendant's motion to vacate the default judgment was properly denied.
Accordingly, the order is affirmed.
Tolbert, J.P., Iannacci and Brands, JJ., concur.
Decision Date: January 20, 2017