Board of Mgrs. of Hudson View E. Condominium v HSBC Bank USA (2018 NY Slip Op 01167)





Board of Mgrs. of Hudson View E. Condominium v HSBC Bank USA


2018 NY Slip Op 01167


Decided on February 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Andrias, Gesmer, JJ.


5764 161208/14

[*1]The Board of Managers of Hudson View East Condominium, Plaintiff-Respondent,
v
HSBC Bank USA, et al., Defendants, U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-8SX, Defendant-Respondent, East Fork Capital Equities LLC, Defendant-Appellant.


Butler, Fitzgerald, Fiveson & McCarthy, New York (David K. Fiveson of counsel), for appellant.
Stiefel Cohen & Foote, P.C., New York (Philip P. Foote of counsel), for the Board of Managers of Hudson View East Condominium, respondent.
Houser & Allison, APC, New York (Jordan W. Schur of counsel), for U.S. Bank National Association, respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered April 6, 2016, which granted the motion of defendant U.S. Bank National Association, as Trustee for Morgan Stanley Mortgage Loan Trust 2007-8SX, to vacate the default judgment previously entered against it, unanimously reversed, on the law and the facts, with costs, and the motion denied.
U.S. Bank failed to show a reasonable excuse for its delay. The fact that it did not receive notice shortly after plaintiff served the summons and complaint on November 24, 2014 is entirely U.S. Bank's fault. In a publicly filed document — in fact, the document assigning the mortgage at issue in this case — U.S. Bank said its address was 4708 Mercantile Boulevard. It was reasonable for plaintiff to rely on this information. While U.S. Bank claims this address belonged to its former servicer (Saxon Mortgage Services, Inc.), the document says 4708 Mercantile Boulevard is U.S. Bank's address, not Saxon's; indeed, it does not mention Saxon. It was U.S. Bank's responsibility to keep its address updated (see Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297, 298 [1st Dept 1994], lv dismissed 84 NY2d 978 [1994]).
Moreover, by its own admission, Ocwen Loan Servicing, LLC (U.S. Bank's current servicer) received the summons and complaint on April 8, 2015. Since Ocwen is U.S. Bank's agent, U.S. Bank is bound by the notice given to Ocwen (see Farr v Newman, 14 NY2d 183, 187 [1964]). U.S. Bank did not explain why it took some six months — until October 5, 2015 — to [*2]move to vacate its default (cf. Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 603 [1st Dept 2017] [in decision reversing the grant of a motion to vacate a default judgment, majority noted that it took two months for defendants to file their motion]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 20, 2018
CLERK