Deutsche Bank Natl. Trust Co. v Gould (2020 NY Slip Op 07667)





Deutsche Bank Natl. Trust Co. v Gould


2020 NY Slip Op 07667


Decided on December 17, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

Before: Manzanet-Daniels, J.P., Gesmer, Kern, Oing, Moulton, JJ. 


Index No. 380865/11 Appeal No. 12682N Case No. 2019-2759 

[*1]Deutsche Bank National Trust Company, Plaintiff-Appellant,
v
Bonnie Gould et al., Defendants, Susanne Dawn Alexander, Defendant-Respondent.


RAS Boriskin, LLC, Westbury (Joseph F. Battista of counsel), for appellant.
Bronx Legal Services, Bronx (Alexis Lorenzo of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris Gonzalez, J.), entered on or about September 18, 2018, which denied plaintiff's motion to vacate a default, unanimously reversed, on the law and the facts, without costs, the motion granted, and the action restored to the court calendar.
Plaintiff showed both a reasonable excuse for the alleged default and a potentially meritorious claim (CPLR 5015; Kellert v Mail Boxes, Etc. USA, 248 AD2d 127 [1st Dept 1998]). Here, the alleged default was plaintiff's failure to appear for a scheduled conference (see 22 NYCRR 202.27). However, plaintiff's counsel did appear, but mistakenly made the appearance as regarding only a prior, pending action relating to the same property, filed in 2007, and not the instant action. That type of law office failure provides a reasonable excuse (see Las Palmeras De Ossining Rest., Inc. v Midway Ctr. Corp., 107 AD3d 853 [2d Dept 2013]; cf. Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). The details of the law office error were sufficiently set forth in counsel's affirmation.
Plaintiff also made out a potentially meritorious claim of default on the mortgage. Defendant is incorrect that because of the prior pending foreclosure action RPAPL 1301 bars this action. That statute bars a mortgagee who elects foreclosure from commencing an action to collect the debt (see Rainbow Venture Assoc. v Parc Vendome Assoc., 221 AD2d 164 [1st Dept 1995]), a situation not present here. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 17, 2020