Patmos Fifth Real Estate, Inc. v Mazl Bldg., LLC (2020 NY Slip Op 07716)





Patmos Fifth Real Estate, Inc. v Mazl Bldg., LLC


2020 NY Slip Op 07716


Decided on December 22, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 22, 2020

Before: Friedman, J.P., Renwick, Singh, Kennedy, Shulman, JJ. 


Index No. 108421/11 Appeal No. 12692 Case No. 2019-05500 

[*1]Patmos Fifth Real Estate, Inc., et al., Plaintiffs-Respondents,
v
Mazl Building, LLC, et al., Defendants-Appellants, Raba Haim Abramov et al., Defendants.
Mazl Building LLC, et al., Third-Party Plaintiffs-Appellants,
v
August Reitano, Third-Party Defendant-Respondent, A.T.A. Construction, Corp., et al., Third-Party Defendants.


Harfenist Kraut & Perlstein, LLP, Lake Success (Steven J. Harfenist of counsel), for appellants.
Blank Rome LLP, New York (Andrew T. Hambelton of counsel), and Blank Rome LLP, Pennsylvania, PA (Daniel E. Rhynhart and Charles A. Fitzpatrick IV, of the bar of the Commonwealth of Pennsylvania, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered November 14, 2019, which granted plaintiffs' motion for renewal of their opposition to defendants' motion for summary judgment on their foreclosure counterclaim, and upon renewal modified its prior holding to determine that defendant Mazl Building LLC has only a 37.5% interest in the subject consolidated mortgage (CEMA) and defendant High Line Holdings LLC no interest; denied defendants' motion to renew their motion for summary judgment on their foreclosure counterclaim and to amend to add a foreclosure claim based on a statutory mortgage; and granted plaintiffs' motion to amend to add affirmative defenses to counterclaims, unanimously modified, on the law, to grant defendants' motion to renew summary judgment and to amend to the extent that defendants are entitled to foreclosure of 100% of the statutory mortgage against the 52nd Street building and a 37.5% interest of the CEMA against the 69th Street condo unit, and otherwise affirmed, without costs.
Plaintiffs' motion to renew with regard to the CEMA was properly granted, and the court's modification of its prior determination to one where defendants held only a 37.5% interest of that mortgage was correct. Defendants' reliance on oral promises to modify the terms of written assignments of mortgages violated GOL § 5-703 (Ognenovski v Wegman, 275 AD2d 1013, 1014-15 [4th Dept 2000]).
While possession of the original mortgage notes would confer standing on defendants for 100% of the mortgage (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]), plaintiffs raised an issue of fact as to the bona fides of the notes attached to the various sets of motion papers. There is no dispute, however, that defendant Mazl holds a 37.5% interest in the mortgage as to both properties.
With regard to the statutory mortgage, plaintiffs failed to raise an issue of fact as to defendants' entitlement to foreclose on 100% of that mortgage, secured by the 52nd Street building. The claim related back to the original counterclaims, as the transactions and agreement upon which it was based were pleaded there (O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 86 [1st Dept 2017]).
The claim was not barred by judicial estoppel given that, even if contradictory, none of defendants' prior positions prevailed (see Matter of Chatsworth Realty Corp. v New York State Div. of Hous. & Community Renewal, 56 AD3d 371, 372 [1st Dept 2008]).
The claim was not barred by RPAPL 1301, because that statute bars simultaneous claims for foreclosure and on the mortgage debt, not a foreclosure of a subsequent mortgage (Rainbow Venture Assoc. v Parc Vendome Assoc., 221 AD2d 164 [1st Dept 1995]).
Given that none of plaintiffs proposed affirmative defenses were defenses to the statutory mortgage claim, the motion to amend should have been denied as futile.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2020