Salish Lodge LLC v Gift Mgt. Inc. (2021 NY Slip Op 01239)





Salish Lodge LLC v Gift Mgt. Inc.


2021 NY Slip Op 01239


Decided on March 02, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 02, 2021

Before: Gische, J.P., Mazzarelli, González, Mendez, JJ. 


Index No. 651839/19 Appeal No. 13246N Case No. 2020-01886 

[*1]Salish Lodge LLC, Plaintiff-Appellant,
v
Gift Management Inc. Doing Business as Giift.com, Defendant-Respondent.


Law Offices of Bernard D'Orazio & Associates, P.C., New York (Bernard D'Orazio of counsel), for appellant.
Brody & Browne LLP, New York (Lauren Reiter Brody of counsel), for respondent.



Order, Supreme Court, New York County (Francis A. Kahn, III, J.), entered March 6, 2020, which granted defendant's motion to vacate a default judgment against it, unanimously reversed, on the law, without costs, and the motion denied.
Defendant failed to demonstrate a reasonable excuse for its default or a meritorious defense to the action to justify vacatur of the default judgment (see generally Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Plaintiff's service of process was deemed complete when defendant's registered agent in Delaware was served, regardless of whether it ultimately reached defendant (see e.g. Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297, 298 [1st Dept 1994], lv dismissed 84 NY2d 978 [1994]). Moreover, the affidavit from defendant's CEO, stating that the email from the registered agent regarding service of process was sent to his "promotions" inbox, is simply insufficient to rebut the presumption of proper service (see e.g. Fisher v Lewis Constr. NYC Inc., 179 AD3d 407, 408 [1st Dept 2020]). Defendant does not dispute that it breached its obligation to update its address with its registered agent, which led to its failure to receive service of process (see NYCTL 1999-1 Trust v 114 Tenth Ave. Assoc., Inc., 44 AD3d 576 [1st Dept 2007], appeal dismissed 10 NY3d 757 [2008], cert denied 555 US 970 [2008]).
Even if defendant's excuse were deemed reasonable, it failed to demonstrate a meritorious defense to the action (see NYCTL 2015-A Trust v Diffo Props. Corp., 171 AD3d 538 [1st Dept 2019], lv dismissed 34 NY3d 1198 [2020]). There is no evidence that defendant maintained the payments owed to plaintiff in a purported "reserve fund," or that plaintiff had knowledge of or ever agreed to the creation of such a fund. Indeed, emails from defendant's CEO to plaintiff's representatives suggest that defendant knew that it owed plaintiff the amounts sought.
Defendant is also not entitled to relief under CPLR 317. Regardless of whether plaintiff served defendant's agent for service designated under CPLR 318, a meritorious defense is required under CPLR 317.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 2, 2021