# Cunxian Lin v 62-08 Realty LLC

## 2024 NY Slip Op 32984(U)

### August 20, 2024

### Supreme Court, Kings County

### Docket Number: Index No. 516840/2023

### Judge: Carolyn E. Wade

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part 84 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse thereof, 360 Adams Street, New York, New York on the 20th of August 2024

PRESENT: HON. CAROLYN E. WADE
J.S.C

-----------------------------------------------X

CUNXIAN LIN,

                        Plaintiff,

      -against-

62-08 REALTY LLC,

                    Defendant.

---------------------------------------------------X

Index No.: 516840/2023

Motion Date: July 17, 2024

**DECISION/ORDER**

Motion Seq. Nos. 001 and 002

| | Papers Numbered |
|---|---|
| Notice of Motion-Affidavit-Affirmation-Exhibits | EF 4-13 |
| Notice of Cross-Motion-Affidavit-Affirmation | EF 15-17 |
| Reply Affidavit-Affirmation-Exhibits | EF 19-22 |

Upon the foregoing papers, after oral argument, Plaintiff Cunxian Lin's ("Plaintiff") Motion for a Default Judgment, and defendant 62-08 Realty LLC's ("Defendant") Cross-Motion to Dismiss, pursuant to CPLR § 3211(a)(1), or alternatively, compel the acceptance of a late answer is decided as follows:

Plaintiff commenced this breach of contact action by filing a Summons and Verified Complaint and a Notice of Pendency on June 8, 2023. Defendant was served with the pleadings, by way of service on the Secretary of State of New York on June 20, 2023 (NYSCEF Doc. No. 3).

[* 1]

The time for the Defendant to respond to the Complaint expired on July 20, 2023. Defendant neither timely interposed an answer nor move to extend its time to respond.

In compliance with CPLR § 3215(g), an additional mailing of the Summons and Verified Complaint was made on August 22, 2023 (NYSCEF Doc. No. 10).

On August 22, 2023, the Plaintiff filed the instant motion for a default judgment. Per the Verified Complaint and an Affidavit sworn to by Plaintiff, Defendant approached the Plaintiff, in March 2014, and solicited him to purchase a condominium unit from it. In detrimental reliance on Defendant's representations, Plaintiff agreed to purchase unit: 1003 for the price of $530,000.00 and gave Defendant a $265,000.00 downpayment. In exchange, Defendant agreed to sell and convey the unit 1003 to the Plaintiff for that price. However, Defendant subsequently represented to the Plaintiff that it could not sign a contract of sale because it did not have a condo offering plan yet; and induced the Plaintiff to accept a Promissory Note. On March 28, 2014, Defendant signed a Promissory Note, promising to pay the $265,000.00 back to the Plaintiff. However, despite Plaintiff's repeated demands, Defendant refused to start construction and convey the condominium unit to him. Defendant also refused to return the $265,000.00 downpayment to Plaintiff, which remains in its possession.

Defendant was served with Plaintiff's instant motion on August 22, 2023, but did not timely oppose it. Plaintiff's motion was administratively adjourned from its original return date of September 12, 2023 to December 5, 2023. Defendant did not oppose the motion. On December 5, 2023, the Court administratively adjourned Plaintiff's motion to January 18, 2024; yet, the Defendant still did not oppose it. On January 18, 2024, the Court administratively adjourned the motion to April 2, 2024. Defendant finally filed an Answer and a Notice of Cross- Motion on March 26, 2024. Defendant's late Answer was rejected by Plaintiff

2

on the same day.

In its cross-motion, Defendant seeks to dismiss Plaintiff's Complaint, pursuant to CPLR § 3211(a)(1), or alternatively, to compel the late acceptance of an answer pursuant to CPLR § 3012[d]. Defendant submitted an Affirmation in Opposition and in Support of Cross-Motion, affirmed by a Mr. Wolfe Landau ("Mr. Landau"). Mr. Landau stated that he is currently managing the Defendant, and admitted that the entity's address registered with the Secretary of State of New York is no longer current. Moreover, Defendant argues that Plaintiff's default judgment motion should be denied on the following grounds: 1) Mr. Tu Kang Yang, who had signed the Promissory Note on behalf of Defendant in 2014, was never a manager or had independent authority to do; 2) Plaintiff has not established that he is in physical possession of the promissory note, 3) the promissory note is of questionable authenticity, and 4) that Plaintiff's Complaint should be dismissed because the promissory note, by its own terms, is not ripened for review. Alternatively, Defendant sought to vacate the default, pursuant to CPLR 317, on the grounds that it was not personally served with the pleadings, and alternatively, requested that Plaintiff be compelled to accept its late Answer.

In reply, Plaintiff averred that he is in physical possession of the original Promissory Note, and notes that Mr. Landau was not an owner or member of the Defendant on or about April 25, 2014- the date when Plaintiff remitted two cashier's checks to Defendant. Mr. Tu Kang Yang, who was Defendant's manager at the time, acknowledged receipt of the checks in writing, and signed the promissory note. Therefore, Plaintiff maintains that Mr. Landau lacks personal knowledge of the transactions in dispute.

After a meticulous examination of the respective submissions, Plaintiff's instant motion for a default judgment is granted; and Defendant's cross-motion to dismiss/compel acceptance of

3

[* 3]

a late answer is <u>denied</u>.

A party seeking to vacate a default in appearing or answering and to serve a late answer must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015[a][1]; *Heidari v First Advance Funding Corp.*, 55 AD3d 669, 670 [2d Dept 2008]; *Levi v Levi*, 46 AD3d 519 [2d Dept 2007]; *599 Ralph Ave. Dev., LLC. v 799 Sterling Inc.*, 34 AD3d 726 [2d Dept 2006]; *New York & Presbyt. Hosp. v Travelers Prop. Cas. Ins. Co.*, 27 AD3d 708 [2d Dept 2006]).

Moreover, the Appellate Division has held that the failure of a corporate defendant to receive service of process due to breach of the obligation to keep a current address on file with the Secretary of State (*see*, Business Corporation Law § 306) does not constitute a reasonable excuse (*Lawrence v. Esplanade Gardens*, 213 AD2d 216 [1st Dept 1995]; *Cedeno v. Wimbledon Bldg. Corp.*, 207 AD2d 297 [1st Dept 1994]; *Crespo v. A.D.A. Mgmt.*, 292 AD2d 5, 9–10 [1st Dept 2002]); *Widgren v. 313 E. 9th Assoc.*, 295 AD2d 146 [2002]; *Long Is. Indus. Group Two LLC v. Prime Communications Inc.*, 13 Misc3d 127[A] [App Term, Term, 9th & 10th Jud. Dists 2006]).

In the instant case, Defendant proffered an affirmation from Mr. Landau, who vaguely asserted that he is managing the entity. As for a reasonable excuse for the default, Mr. Landau states, "[w]hile I understand that the Defendant, 62-08 REALTY LLC is registered with the Secretary of State of New York with an address of 46-17 SMART STREET, FLUSHING, NY, UNITED STATES, 11355, that is no longer an address that should be associated with this entity" (¶2, Landau Aff'). Thus, Defendant admits that it did not update the Secretary of State with its new address, despite the fact that Mr. Landau affirms that the membership of Defendant changed over the last year. In fact, Defendant does not contest that up to the date of Plaintiff's filing of his reply, the entity did not update its address with the Secretary of State. No explanation is

4

[* 4]

provided for this oversight. Defendant also failed offer an explanation for not responding to both the Complaint and Plaintiff's instant motion from June 20, 2023 to March 26, 2024.

This Court further finds that Defendant has not presented any viable meritorious defenses. Mr. Landau's involvement with the Defendant is limited to the last year; thus, he lacks personal knowledge as to what transpired when the promissory note was signed, and the down payment was made by Plaintiff in 2014. Contrary to Defendant's contentions, Plaintiff has produced a copy of a fully executed Promissory Note, signed by the Defendant, and copies of official bank cashier's checks, wherein Defendant acknowledged receipt of the funds from the Plaintiff. Significantly, Defendant has held Plaintiff's $265,000 for about ten (10) years; yet, it has failed to start construction on the subject property.

Accordingly, based upon the above, Plaintiff's Motion for a Default Judgment (motion seq. #1) is **granted**. Plaintiff is awarded a judgment in the sum of $265,000.00 against the Defendant with interest from March 28, 2014, and costs. Defendant's Cross-Motion to dismiss/compel acceptance of a late answer (motion seq. #2) is **denied in its entirety**.

This constitutes the Decision and Order of the Court.

HON. CAROLYN E. WADE, J.S.C.
Hon. Carolyn E. Wade
Supreme Court Justice

5