Diamond Films Netherlands Cooperatief U.A. v TV Azteca S.A.B. De C.V. (2025 NY Slip Op 06017)

Diamond Films Netherlands Cooperatief U.A. v TV Azteca S.A.B. De C.V.

2025 NY Slip Op 06017

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Webber, J.P., Kennedy, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 655384/20|Appeal No. 5086|Case No. 2024-05974|

[*1]Diamond Films Netherlands Cooperatief U.A., Plaintiff-Respondent,
v
TV Azteca S.A.B. De C.., Defendant-Appellant.

Law Office of Thomas V. Sjoblom, New York (Thomas V. Sjoblom of counsel), for appellant.
Sheppard, Mullin, Richter & Hampton LLP, New York (Robert S. Friedman of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered August 27, 2024, which denied defendant's motion to vacate the default judgment pursuant to CPLR 5015(a)(4) and (5), unanimously affirmed, with costs.
Defendant was validly served with process pursuant to § 23 of the Renegotiation and Free Television Output Agreement between the parties (the Contract). Plaintiff mailed the summons and complaint to the contractually designated person (Horacio Medal) at the contractually designated address (1139 Grand Central Ave., Glendale, California 91201, U.S.A.) using the contractually designated method of certified mail (see generally Credit Car Leasing Corp. v Elan Group Corp., 185 AD2d 109, 109 [1st Dept 1992]).
It does not matter that the certified mailing was returned because Medal moved, as the burden was on defendant to provide plaintiff with updated service information, which it did not do (cf. Cedeno v Wimbledon Bldg. Corp., 207 AD2d 297, 298 [1st Dept 1994], lv dismissed 84 NY2d 978 [1994]). The fact that defendant updated its public filings with the California Secretary of State to reflect a new address and service agent was not sufficient to meet this burden, as the Contract specifically required that any modifications to its terms be made in a writing signed by both parties (see Credit Car Leasing, 185 AD2d at 109-110). Although the Contract permitted alternative service on "any employee of Azteca America with a copy to the Legal Department of Azteca America," this did not create an implicit requirement that plaintiff search for other employees in the event that Medal was unreachable.
The Contract did not condition service on Medal on his continued association with defendant or its subsidiaries. By expressly designating Medal in the Contract as its agent for service of process and failing to revoke or modify that designation after termination of Medal's employment at nonparty Azteca International Corporation, defendant imbued Medal with apparent authority to act as its service agent even after his actual authority ended (assuming that it did) (see Hallock v State of New York, 64 NY2d 224, 231-232 [1984]; GS Capital Partners, LLC v Ameritek Ventures, 215 AD3d 473, 473-474 [1st Dept 2023]; Parlato v Equitable Life Assur. Socy. of U.S., 299 AD2d 108, 115-116 [1st Dept 2002], lv denied 99 NY2d 508 [2003]). It does not matter, for these purposes, that Medal's new employer's agreement with defendant expressly disclaimed any agency relationship because there is no indication that plaintiff was aware of this agreement.
The fact that plaintiff pursued many other avenues to ensure that service was properly effected and that defendant had actual notice of this action does not constitute an admission that the contractual service was invalid.
In view of our disposition of this issue, we need not reach the parties' arguments with respect to estoppel or service under the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the Hague Convention). We also decline to reach the parties' arguments with respect to the propriety of a motion to vacate when no appeal was taken from the order sought to be vacated, as these arguments were raised for the first time on appeal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025