## Lee Anav Chung White Kim Ruger & Richter LLP v Britton

2026 NY Slip Op 30951(U)

March 6, 2026

Supreme Court, New York County

Docket Number: Index No. 659377/2024

Judge: Leslie A. Stroth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:** **HON. LESLIE A. STROTH**      **PART**     **12M**

*Justice*

------------------------------------------------------------------X

LEE ANAV CHUNG WHITE KIM RUGER & RICHTER LLP,

                Plaintiff,

       - v -

AGATHA BRITTON,

                Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 659377/2024 |
| **MOTION DATE** | 07/16/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37

were read on this motion to/for        VACATE - DECISION/ORDER/JUDGMENT/AWARD.

Plaintiff Lee Anav Chung White Kim Ruger & Richter LLP commenced this action on December 2, 2024 to recover unpaid legal fees from a former client, Defendant Agatha Britton. Defendant was served on December 27, 2024 and did not appear, which eventually resulted in a default judgment against her on May 1, 2025. On June 26, 2025, Plaintiff was granted a money judgment in the amount of $37,931.75 based on the default. On July 2, 2025, Plaintiff also served restraining notices on Defendant's bank accounts at JPMorgan Chase Bank and Citizens Bank, freezing a total of approximately $2,600. Each bank confirmed to Plaintiff that Defendant's money was "being held" on July 15, 2025 and July 22, 2025, respectively.

On July 16, 2025, this unrepresented, 83-year-old Defendant moved to vacate the default judgment by way of an Order to Show Cause. For the reasons outlined below, the Court grants Defendant's Motion to Vacate the Default Judgment in full, and orders that the restrictions on Defendant's bank accounts be lifted.

In order to vacate a default judgment pursuant to CPLR § 5015(a)(1), a motion must be made within one year of service of a copy of the judgment with notice of entry, and the movant

**659377/2024 LEE ANAV CHUNG WHITE KIM RUGER & RICHTER LLP vs. BRITTON, AGATHA**      **Page 1 of 4**
Motion No. 002

1 of 4

[* 1]

has the burden of demonstrating both: (1) a reasonable excuse for the default and (2) a meritorious defense to the action (*see Navarro v A. Trenkman Estate, Inc.*, 279 AD2d 257, 258 [1st Dept 2001]; *Cedeno v Wimbledon Building Corp.*, 207 AD2d 297, 297 [1st Dept 1994]).

Here, Defendant's motion is timely, as it was served within one year of the date that the default order was entered. Moreover, the Court finds a reasonable excuse for the default in Defendant's assertion that she is 83 years old, "largely immobile and … physically incapable of traveling to court in Manhattan while she resides in Brooklyn" (Defendant's Affirmation in Support, NYSCEF Doc. No. 25).

Turning to the merits of her motion, Defendant argues that (1) Plaintiff acted with a "lack of transparency and due process" by failing to inform Defendant that the retainer had been exhausted and continued to bill her without proper notice or explanation; (2) that Plaintiff failed to obtain Defendant's desired outcome through Plaintiff's legal representation; (3) that Plaintiff created false expectations and emotional distress for Defendant; (4) that Plaintiff mismanaged Defendant's paid retainer, and continued to bill Defendant "without notice or a clear accounting;" and (5) that the judgment and bank account restraints have created financial hardship and an unjust burden on Defendant, an 83-year-old retiree living on a fixed income (*id.*)

In response, Plaintiff states that detailed monthly bill statements justify the judgment of $52,931.75 (to include a $15,000 retainer and $37,931.75 in additional charges and monthly interest at 1%). Plaintiff states that there was no guarantee of a desired outcome, and that Defendant's financial situation is no reason to vacate the judgment. Furthermore, Plaintiff argues that to the extent that any of the invoices sent to Defendant were unclear, the issues should have been raised following receipt of the invoice (Defendant's Opposition, NYSCEF Doc. No. 31).

The Court finds merit in Defendant's assertion that there is a lack of transparency in Plaintiff's billing practices, and that Plaintiff's billing practices were unclear. The Court notes, for example, that on various invoices, the amount of interest does not appear to comport with the contracted interest rate of 1% (Plaintiff's Exhibit 1, NYSCEF Doc. No. 32). Plaintiff's issued invoices contain unclear calculations that create confusion, and do not contain any explanation of how interest was calculated. Plaintiff's invoices indicate a lack of clarity, especially given that Defendant is unrepresented.

Defendant also indicated that Plaintiff created false expectations and emotional distress for Defendant by misrepresenting that the prior case would be in front of a "friendly" Judge. Defendant attaches an email from Plaintiff that states, "[The Order to Show Cause is] going to Judge Prus for his signature and he will assign a court date" (NYSCEF Doc. No. 27). Plaintiff also submits an invoice to Defendant, billing Defendant for a "call with Judge Prus' part and got o Judge Adams part" (NYSCEF Doc. No. 32 [typo retained]). Furthermore, Defendant states that she "move[d] forward" with Plaintiff's legal services based on Plaintiff's representation that the matter would be in front of Judge Prus (NYSCEF Doc. No. 25). Given that the case was ultimately not before Judge Prus, Defendant alleges that she was misled, or at the very least, was not fully informed. Plaintiff does not address these representations in its Opposition, but the Court finds them to be without merit, as the attorneys have no control over the selection of a trial judge.

For the purposes of this motion by an unrepresented litigant, Defendant raises sufficient allegations of unclear calculations of the amount owed, and unclear communication by her attorneys. This is sufficient to show a meritorious defense as required by CPLR § 5015(a)(1) (*see also Navarro*, 279 AD2d 258; *Cedeno*, 207 AD2d at 297).

[* 3]

Most significantly, the First Department has emphasized that there is a strong public policy that favors deciding cases on the merits (*Thomas Anthony Holdings LLC v. Goodbody*, 210 AD3d 547 [1st Dept. 2022]; *Picinic v. Seatrain Lines*, 117 AD2d 504, 508 [1st Dept. 1986]).

For the foregoing reasons, Defendant's Motion to Vacate the Default Judgment is granted.

Accordingly, it is hereby

ORDERED, that Defendant's Motion to Vacate the Default Judgment entered against her in the amount of $37,931.75 is granted.

The foregoing constitutes the decision and order of the Court.

| 3/6/2026 | | | |
|----------|---|---|---|
| **DATE** | | | **HON. LESLIE A. STROTH** |
| | | | **J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION |
|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

659377/2024   LEE ANAV CHUNG WHITE KIM RUGER & RICHTER LLP vs. BRITTON, AGATHA        Page 4 of 4
Motion No. 002

4 of 4